**STATE of Missouri, Respondent,**

v.

**William E. WRIGHT, Appellant.**

**No. 69481.**

Supreme Court of Missouri,
En Banc.

May 17, 1988.

---

Sean O'Brien, Public Defender, JoAnn Arnold, David S. Durbin, Asst. Public Defenders, Kansas City, for William E. Wright.

William L. Webster, Atty. Gen., Karen A. King, Asst. Atty. Gen., Jefferson City, for the State.

RENDLEN, Judge.

Convicted by a jury of rape and sodomy of a six-year-old girl, defendant was sentenced to consecutive terms of ten years' imprisonment and in this appeal challenges the constitutionality of §§ 491.060 and 491.075, RSMo 1986; hence the cause falls within this Court's original appellate jurisdiction. Mo. Const. art. V, § 3. We affirm.

Because defendant makes no challenge to the sufficiency of the evidence we need only briefly summarize the dispositive facts supportive of the verdict. The victim was playing outside her home with her four-year-old brother and C.B., the six-year-old son of her mother's fiance, when defendant approached C.B., asked if he could "have" the victim, and offered the boy some coins. Defendant then threatened the victim, saying, "if you don't go with me, I'll kill you," picked her up and took her to the basement of a neighboring building where he committed the crimes for which he was convicted. C.B. alerted the victim's mother and his father, who found the defendant holding the victim's hand and leading her away from her apartment. When confronted, defendant stated that the victim had told him she was lost and he was taking her home.

The principal issue involves the admission, pursuant to § 491.075, of hearsay statements of the victim which came into evidence through the testimony of Paula Phelan, a police detective who interviewed the child shortly after the alleged crimes occurred. When Phelan arrived at the crime scene, other police officers were present as well as the defendant, the victim, the victim's mother, C.B., and C.B.'s father. Phelan took the mother and children to the police station, where she talked with each child individually for five or ten minutes before conducting separate videotaped interviews in a room equipped with a concealed camera. No one other than Phelan and the child then being questioned was present in the taping room.

Prior to trial, defendant moved for a declaration of invalidity of § 491.075 and to exclude evidence of out-of-court statements made by several witnesses, including the victim. Phelan, testifying in the pretrial hearing on the motions, explained the circumstances, time, and contents of her interview with the victim, and the trial court found that the time, content, and circumstances of the victim's out-of-court statements provided the statutorily required indicia of reliability and rejected defendant's constitutional challenge to the statute.

At trial the victim gave testimony which, if believed, was sufficient to support the charges. Defense counsel cross-examined the victim at length and, among other things, brought out the fact that several persons, including Phelan, had discussed the alleged assault with her and that some aspects of the victim's previous statements deviated from her testimony at trial. Phelan was also called and described, over defendant's objection [1], the statements the victim had made at the police station and the procedure followed there. No mention on direct examination was made of any out-of-court statements of C.B., and the state did not attempt to introduce either

---

1. The defendant made no additional objection at the time of Phelan's testimony, but reminded the court of his continuing objection.

the transcript or videotape of the interview with the victim. During cross-examination of Phelan, defense counsel directed attention to inconsistencies between the victim's trial testimony and her previous statements and inquired concerning portions of C.B.'s interview.

■■■ Defendant asserts on appeal that § 491.075 [2] is facially unconstitutional and unconstitutional as applied here because it "invidiously discriminates against [defendant] and impinges upon a fundamental right of his thereby denying him equal protection of the laws" and his due process right to a fair trial. The principles of law applicable to equal protection claims such as this are discussed at length in *State v. Williams*, 729 S.W.2d 197 (Mo. banc 1987). If a statutory scheme operates to the disadvantage of a suspect class or impinges upon a fundamental right protected by the Constitution, the scheme receives strict scrutiny to ascertain whether the classification is necessary to a compelling state interest. *Id.* at 200. If the statutory scheme neither burdens a suspect class nor impinges upon a fundamental right, it need only be rationally related to a legitimate state interest, and the person attacking it bears the burden of demonstrating the scheme has no reasonable basis and is purely arbitrary. *Id.*

■■■ Defendant would have us invoke the strict scrutiny standard because, he asserts, defendants charged with offenses under chapters 565, 566 and 568 constitute a suspect class and § 491.075 thwarts his "fundamental right" of confrontation. The classification here is the same as that employed in § 491.060(2) and found not suspect in *Williams, id.*, and it provides no basis for applying the strict scrutiny standard. Further, as we shall presently discuss, the statute does not impinge upon a fundamental right.

We need not decide whether the right of confrontation is one of those implicitly recognized as "fundamental" for purposes of equal protection analysis, *see Williams, id.*, because the statute here does not deny defendant the protections afforded by the Confrontation Clause. In *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), the Court developed a two-prong test for considering confrontation ramifications of out-of-court statements sought to be admitted in criminal trials and concluded: "in the usual case (including those where prior cross-examination has occurred), the prosecution must either produce, or demonstrate the unavailability of, the declarant whose statement it wishes to use against the defendant." *Id.* at 2538. If a witness is shown to be unavailable, his prior statement is admissible only if it bears "sufficient indicia of reliability[,]" which "can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception. In other cases, the evidence must be excluded, at

**2.** Section 491.075 provides:

**Statement of child under twelve admissible, when.—**

1. A statement made by a child under the age of twelve relating to an offense under chapter 565, 566 or 568, RSMo. performed with or on a child by another, not otherwise admissible by statute or court rule, is admissible in evidence in criminal proceedings in the courts of this state as substantive evidence to prove the truth of the matter asserted if:

(1) The court finds, in a hearing conducted outside the presence of the jury that the time, content and circumstances of the statement provide sufficient indicia of reliability; and

(2) The child either:

(a) Testifies at the proceedings; or

(b) Is unavailable as a witness.

2. Notwithstanding subsection 1 of this section or any provision of law or rule of evidence requiring corroboration of statements, admissions or confessions of the defendant, and notwithstanding any prohibition of hearsay evidence, a statement by a child when under the age of twelve who is alleged to be a victim of an offense under chapter 565, 566 or 568, RSMo, is sufficient corroboration of a statement, admission or confession regardless of whether or not the child is available to testify regarding the offense.

3. A statement may not be admitted under this section unless the prosecuting attorney makes known to the accused or his counsel his intention to offer the statement and the particulars of the statement sufficiently in advance of the proceedings to provide the accused or his counsel with a fair opportunity to prepare to meet the statement.

4. Nothing in this section shall be construed to limit the admissibility of statements, admissions or confessions otherwise admissible by law.

least absent a showing of particularized guarantees of trustworthiness." *Id.* at 2539.

 The language of § 491.075 mirrors those constitutional parameters by requiring a showing that the "time, content, and circumstances of the statement provide sufficient indicia of reliability" and that the child either testify at the proceedings or be unavailable as a witness [3]; thus the statute comports with the Confrontation Clause requirements described in *Roberts* and is not facially invalid. Further, we find no constitutional infirmity in its application in this case. The child testified at trial and was subjected to cross-examination, and the court conducted a careful and thorough hearing from which it concluded that the statements contained sufficient indicia of reliability. The record supports those findings. Under the statute, evidence of the time, content, and circumstances of the statement must demonstrate the basis for an assessment of reliability. The statements here were made within two hours of the crime, reducing the chance of memory lapse or fabrication as well as contamination from interaction with persons interested in the event and exposure to their suggestions. In this regard it should be noted that defendant was allowed to introduce evidence which he argues indicates possible sources of "contamination" during the brief period between the crime and the statement. Additional indications of reliability may be found in the circumstances of the interview. The environment was not shown to be threatening; instead, the evidence indicated that the statement took place in a special interview room designed to be comfortable and calming. No one except the victim and Phelan was present, and no direct pressure on the victim from others was possible during that procedure. The record indicates the statements were not the product of coercion or leading questions. Finally, despite some minor inconsistencies and other matters going to the weight to be accorded the declarations, an examination of the contents of the state-

ments does not indicate that they were unreliable. Furthermore, the videotape and transcript of the interview were available to defendant for impeachment purposes and in presenting his argument that the statements lacked the requisite indicia of reliability. In summary, "indicia of reliability" must be considered in the context of the particular case and the factors prescribed by the statute. The trial judge considered the relevant factors and made findings supported by the record, and we find no violation of defendant's right to confront the witnesses against him.

 Having decided the statute by its terms and as applied in this case neither burdens a suspect class nor impinges a fundamental right, we consider whether defendant has established that the statute is arbitrary and lacks a reasonable basis. Many of the considerations cited in *Williams* as the rationale for the enactment of § 491.060, relating to the competency of child victims to testify, apply with equal force here: the state has a strong interest in protecting children, and child abuse presents unusual evidentiary problems because the victim's testimony is often the only direct evidence linking the accused to the crime. Id. at 201–2. Additionally, § 491.075 reflects a policy determination that in some child abuse cases the victim's out-of-court statements may possess sufficient probative value to contribute to the judicative process; indeed, such statements may on occasion be *more* reliable than the child's testimony at trial, which may suffer distortion by the trauma of the courtroom setting or become contaminated by contacts and influences prior to trial. The defendant has failed to carry his burden of demonstrating that by allowing the court to consider the value of a child victim's statements and admit them in cases where appropriate indicia of reliability exist the statute is not rationally related to a legitimate governmental interest. It is our view that there was no denial of equal protection.

**3.** This case does not involve the admissibility of an extrajudicial statement of a declarant who is not available to testify.

■ Neither do we find that defendant was denied due process by the application of § 491.075. "The prevalent theme in due process cases is that in a criminal prosecution the accused must be allowed to present a complete defense." *Williams*, 729 S.W. 2d at 201. If the defendant is afforded a reasonable opportunity to submit to the jury in his defense all of the facts bearing upon the issues, there is no basis for finding that he has been denied due process. *Id.* The statute did not prevent the introduction of evidence pertinent to the defense or deprive him of a meaningful opportunity to defend against the charges; rather, it merely allowed the jury to consider certain relevant evidence offered by the state. In this case, the defense was actually able to strengthen its attack on the victim's credibility during cross-examination of detective Phelan by pointing to perceived inconsistencies in the various statements the victim had made.

■ Defendant also asserts he was denied due process because Phelan's testimony improperly bolstered the victim's testimony. In this regard defendant relies principally on *State v. Seever*, 733 S.W.2d 438 (Mo. banc 1987), in which this Court concluded that the introduction of a videotaped statement of a child witness pursuant to § 492.304.2 was so broadly duplicative of the victim's testimony at trial that it was "total repetition" and constituted a substantial departure from customary procedures which was not authorized by the statute in question there. *Id.* at 441. In the case before us, no objection based on improper bolstering was made at trial, and so we review for plain error. Unlike the evidence in *Seever*, Phelan's testimony was not totally duplicative of the victim's testimony at trial, and as noted previously, out-of-court statements such as those in question are a species of evidence distinct from the declarant's testimony at trial possessing unique strengths and weaknesses. Further, the procedure followed here did not vary from the procedure utilized when other hearsay exceptions, such as "excited utterances," are involved. We find no plain error in admitting Phelan's testimony.

Defendant's other contentions of error merit little discussion and will be addressed only briefly. His challenge to the constitutional validity of § 491.060 is answered by this Court's opinion in *Williams*, 729 S.W. 2d at 197, and his claim that the court erred in submitting MAI–Cr3d 300.02 and 302.04 concerning "reasonable doubt" is disposed of by *State v. Guinan*, 732 S.W.2d 174 (Mo. banc 1987). Defendant's final contention is that the court erred in refusing his proffered not-in-MAI instruction on the credibility of the victim; however, numerous cases have announced the settled proposition that a trial court does not err in declining to give an additional instruction on witness credibility beyond the general credibility instruction of MAI–Cr3d 302.01. *See, e.g., State v. Lang*, 515, S.W.2d 507, 510–11 (Mo.1974).

The judgment is affirmed.

BILLINGS, C.J., and DONNELLY, ROBERTSON and HIGGINS, JJ., concur.

BLACKMAR, J., concurs in separate opinion filed.

WELLIVER, J., concurs and concurs in separate concurring opinion of BLACKMAR, J.

BLACKMAR, Judge, concurring.

I very much regret the failure of the public defender to present oral argument in this case and in the related case of *State v. Sanchez*, No. 69741, still under advisement. The cases involve important issues of criminal trial procedure, in the modification of traditional procedures and the constitutional implications of these modifications. Oral argument is especially helpful in cases of this kind. The public defender, having brought the case here on constitutional grounds, should follow through by arguing orally. If the failure to argue is occasioned by inadequate financial resources, I hope that the legislative and executive branches will take notice.

Turning to the merits, I do not retreat from the position I took in *State v. Williams*, 729 S.W.2d 197 (Mo. banc 1987), *cert. denied* —— U.S. ——, 108 S.Ct. 296, 98

L.Ed.2d 256, in which I suggested that the provision of procedures in "child abuse" cases which differed from those applicable to other cases has "equal protection" implications. The majority of the Court held otherwise, however, and so I follow their holding.

The statute in issue represents a substantial departure from the usual procedures. It should be applied with care, and preferably only when necessary. This is the teaching of *State v. Seever*, 733 S.W.2d 438 (Mo. banc 1987). But, for want of a particularized objection, I too perceive no plain error. Inasmuch as the extrajudicial statements can be used for some purposes, furthermore, there is no facial invalidity.

As the principal opinion points out, there is no issue in this case as to the use of an extrajudicial statement when the person making the statement is "unavailable." This and other substantial problems about departure from the traditional norms of trial remain to be answered.

On the issues ruled by the principal opinion, I concur.