STATE of Missouri, Plaintiff-Respondent,

v.

Gerald William BEREUTER, Defendant-Appellant.

No. 53192.

Missouri Court of Appeals, Eastern District.

June 14, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 20, 1988.

Application to Transfer Denied Sept. 13, 1988.

Stormy B. White, Asst. Public Defender, Clayton, for defendant-appellant.

William L. Webster, Atty. Gen., Karen A. King, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CARL R. GAERTNER, Judge.

Defendant appeals his convictions for one count of rape, three counts of sodomy, and one count of sexual abuse first degree.

All counts stem from allegations that defendant repeatedly sexually molested his daughter during the two years he lived in Missouri prior to the complaint. We affirm the convictions.

The record on appeal reveals the following facts. The victim was born on December 18, 1974. Defendant and victim's mother were subsequently estranged, and the child lived with the defendant from 1978 to the time of the complaint. Prior to the complaint, the then eleven year old victim sent her mother a letter requesting advice for a "friend" who was being sexually abused by her father. Concerned, the mother forwarded the letter to victim's school, but school officials decided to wait before taking action. Approximately two months later, on April 23, 1986, victim did not have lunch money. Terry Anderson, a teacher, gave victim lunch money and the school called defendant concerning the incident. The next day, Ms. Anderson noticed that victim was acting peculiarly. Upon questioning, victim stated that defendant had struck her. Victim was observed to have a bruise on her arm and a lump on her head and she complained of a sore back. Ms. Anderson then took victim to the school counselor, Diana White. Ms. White confronted victim with the letter and victim admitted that she was the "friend" who was being sexually abused. The counselor called the child abuse hot line and Karen Friedrich, a Division of Family Services (DFS) worker, was dispatched to speak with the victim. The next day, Ms. Friedrich, a second DFS worker, and a juvenile officer jointly questioned victim.

The victim related regular instances of abuse that began when she was five years of age living in Japan and continued at the various locations where she and her father lived during subsequent years. Her descriptions of sexual activity were sufficiently detailed to give credence to her allegations. In fact, Ms. White testified that the sex education offered at victim's school would not have provided the information which victim related. A pedia-

trician who examined victim on April 29, 1986 found that victim's hymenal ring was abnormally dilated.[1] The doctor identified this as "positive physical evidence of sexual abuse."

At the close of the evidence, the jury found the defendant guilty of all counts charged and he was sentenced to a total of fifty seven years in prison. Defendant appeals, claiming the trial court erred in: (1) admitting testimony as to the victim's out-of-court statements; (2) permitting the state to introduce rebuttal evidence on defendant's reputation for truth and veracity; (3) allowing improper prosecutorial conduct.

Appellant's first point alleges that the trial court erred in admitting evidence of the victim's out-of-court statements under section 491.075 RSMO 1986 and thus violated defendant's constitutional rights. That statute provides in pertinent part:

1. A statement made by a child under the age of twelve relating to an offense under chapter 565, 566 or 568, RSMo, performed with or on a child by another, not otherwise admissible by statute or court rule, is admissible in evidence in criminal proceedings in the courts of this state as substantive evidence to prove the truth of the matter asserted if:

(1) The court finds, in a hearing conducted outside the presence of the jury that the time, content and circumstances of the statement provide sufficient indicia of reliability; and

(2) The child either:

(a) Testifies at the proceedings; or

(b) Is unavailable as a witness.

\* \* \* \* \* \*

4. Nothing in this section shall be construed to limit the admissibility of statements, admissions or confessions otherwise admissible by law.

■ Defendant's attack upon the admission of the evidence concerning the victim's out-of-court statements is diffusively multi-

---

**1.** The doctor also found that victim's epithelium had been rubbed raw. She was unable to pinpoint the time of this damage, but said it could have occurred from a few days to a few weeks prior to the examination.

faceted. In his first point relied on defendant contends the admission of the evidence pursuant to section 491.075 deprived him of his constitutionally protected rights of confrontation, effective assistance of counsel and due process. Overlooking the inadequacy of this point under Rule 84.04(d), we note that the Missouri Supreme Court rejected an identical constitutional challenge to the statute in *State v. Wright*, 751 S.W. 2d 48 (Mo. banc 1988). We are constrained to follow this precedent. Constitution of Missouri, Art. V, Sec. 2.

The argument portion of defendant's brief alleges that the trial court erred in failing to make a finding as required by sub-section one of the statute. This argument is undoubtedly predicated upon the trial court's oral statement, set forth in the transcript, which makes no reference to a finding of reliability. However, the trial court simultaneously entered a written order in the legal files stating "the court finds that the time, content and circumstances of the statements provide sufficient indicia of reliability." This obviously satisfies the requirements of the statute.

Next, defendant charges trial court error in admitting the statements as an improper bolstering of the victim's in-court testimony. Defendant relies upon *State v. Seever*, 733 S.W.2d 438 (Mo. banc 1987), wherein the introduction of a videotaped statement of a child witness pursuant to section 492.-304.2 RSMo 1986 was held to be erroneous as a "total repetition" of the victim's trial testimony. Id at 441. In *State v. Wright*, at 53, under circumstances similar to those in this case, the Supreme Court found the *Seever* principle inapplicable. "[O]ut-of-court statements such as those in question are a species of evidence distinct from the declarant's testimony at trial possessing unique strengths and weaknesses." *Id*. Here, as in *Wright*, there was no videotape of the victim's statement. The witnesses' testimony regarding the statements was not mere duplication of the victim's trial testimony and, because the witnesses also described the circumstances giving rise to and surrounding the making of the out-of-court statements, their testimony possessed probative value distinct from the child's statement alone.

Defendant also challenges the trial court's finding of reliability and directs our attention to evidence which might support a contrary finding. The statute vests the trial court with discretion to determine the issue of reliability in a hearing conducted outside the presence of the jury. The judge held the required hearing immediately before the commencement of the trial. At this hearing the victim's mother testified about her daughter's letter and about statements made to her.[2] Jane Crouch, a deputy juvenile officer, Barbra Voyles and Karen Freidrich, employees of the Missouri Division of Family Services, described the circumstances surrounding their questioning of victim at the juvenile court on April 25, 1986. On that day, the child used anatomical dolls to show what her father had done to her. Ms. Freidrich also testified regarding victim's statements at school on April 24, 1986. She identified a diagram of a female body upon which the victim had drawn arrows in response to questions. The witness recounted the victim's reluctance to verbalize certain words and showed where the child had responded to some questions by writing the words "peanus" and "sex". The circumstances surrounding the statements made on both days were neither coercive nor suggestive. The statements on both days were consistent and contained detailed information a child of the victim's age would not be expected to know. "[S]uch statements may on occasion be *more* reliable than the child's testimony at trial, which may suffer distortion by the trauma of the court room setting or become contaminated by contacts and influences prior to trial." *Wright*, at 52. The record clearly supports the trial court's finding of reliability and we defer to that finding.

In addition to the witnesses who testified at the pretrial hearing concerning the April

---

thing which may have been said to her.

24 and 25 statements, two teachers and a counselor at the victim's school testified before the jury. They recounted the manner in which they learned of the child abuse, including what the victim said which caused them to call the Child Abuse Hotline. Defendant now complains of the trial court's failure to determine the reliability of these statements in a preliminary hearing.

■ The State was prepared to offer the testimony of these three witnesses at the time of the pretrial hearing. The court, however, refused to hear them, indicating no additional time would be spent listening to cumulative testimony of numerous other witnesses saying what the child told them. Section 491.075.1(1) requires a preliminary finding by the court that the time, content and circumstances of *the statement* provide sufficient indicia of reliability. Accordingly, where separate statements are made at different times to different persons it is incumbent upon the trial court to examine the time, content, and circumstances of each. The trial court erred in curtailing the State's offer of additional evidence at the pretrial hearing and in admitting the testimony of the school officials regarding the victim's statements to them without first determining the reliability of these statements. Under the circumstances of this case, however, the error does not warrant reversal.

■ Although the trial court permitted the defendant to maintain a "continuing" general objection to the admission of any evidence of the victim's out-of-court statements, the defendant did not voice the specific objection here asserted: that these witnesses were not examined prior to trial. The testimony of the three school witnesses regarding statements made to them was similar to, although considerably less detailed than, that of the witnesses who did testify at the pretrial hearing. The victim's statements formed but a minor part of the entire chain of events which led the school witnesses along the path of suspicion, inquiry, and finally reporting of the child abuse. Therefore, regardless of section 491.075, evidence of the statements is not excludable as hearsay for it is offered not as substantive proof of the facts related, but as explanation of subsequent action. See *State v. Butler*, 719 S.W.2d 35, 38 (Mo.App.1986). Defendant has not been prejudiced by this testimony and his argument is rejected.

■ Defendant's second point alleges trial court error in permitting the State to present two rebuttal witnesses who testified to defendant's bad reputation for truth and veracity. Because defendant did not object at trial or mention this point in his motion for new trial, he did not preserve it for review and we will examine only for plain error. After the defendant had testified in his own behalf, the trial court allowed the state to present two rebuttal witnesses on the theory that defendant had made his truthfulness an issue by taking the stand as a witness. Faced with an identical situation, the Missouri Supreme Court in *State v. Trimble*, 638 S.W.2d 726, 735 (Mo. banc 1982), stated:

> When a witness takes the stand, he places his reputation for truthfulness and veracity in issue and the state may then offer evidence of his general reputation for truthfulness and veracity. *State v. Brookshire*, 368 S.W.2d 373, 385 (Mo. 1963). Here, appellant had testified in his own behalf, and the court did not err "plainly" or otherwise in permitting the witnesses to testify as to appellants reputation for veracity and truthfulness.

Defendant's final point on appeal alleges: The trial court erred in permitting the prosecutor to improperly prejudice the jury against the appellant by permitting the prosecutor to elicit improper evidence from the witnesses and to argue improperly thus causing the jury to convict the appellant on an improper basis. Appellant was thus denied his rights to a fair and impartial jury, due process and equal protection of the laws as guaranteed by Article I section 2, 10 and 18(a) of the Missouri Constitution and the fifth, sixth, and fourteenth amendments of the United States Constitution.

This point relied on is a glaring violation of Rule 84.04(d). It points to no action or

ruling of the court upon which review is sought. It is silent regarding wherein and why any action or ruling was erroneous. The point does not merit consideration. *Thummel v. King,* 570 S.W.2d 679 (Mo. banc 1978). However, lest the deficiencies become the subject of a post-conviction motion, we have reviewed the argument in defendant's brief in an effort to divine the specifics of his complaint. Defendant has picked eight incidents from a 550 page transcript; five statements made by the prosecutor in argument and three witness statements. Of these eight, only three were objected to at trial. These objections were sustained and no further relief was sought. The fact that defendant does not mention even one of the eight incidents in his motion for new trial demonstrates their insignificance. Viewed singularly or cumulatively, the incidents did not deprive defendant of a fair trial.

Judgment affirmed.

GRIMM, J., and SIMEONE, Senior Judge, concur.