**STATE of Missouri, Appellant,**

v.

**Kim E. THOMAS, Respondent.**

No. 70783.

Supreme Court of Missouri,
En Banc.

March 14, 1989.

Rehearing Denied April 18, 1989.

Joseph P. Bednar, Jr., Asst. Pros. Atty., Albert A. Riederer, Pros. Atty., Kansas City, for appellant.

Justine E. Del Muro, Asst. Public Defender, Sean D. O'Brien, Public Defender, Kansas City, for respondent.

William L. Webster, Atty. Gen., Elizabeth Ziegler, Asst. Atty. Gen., Jefferson City, for amicus curiae in support of appellant.

BLACKMAR, Judge.

This is an interlocutory appeal pursuant to § 547.200(1)(2), RSMo 1986. The defendant was charged with child abuse in violation of § 568.060, RSMo 1986. A police officer took a videotaped statement from the victim. Defense counsel filed a pretrial motion "to declare Section 492.304, R.S.Mo. 1986 unconstitutional and to exclude the videotaped statement ..." of the victim. The trial court sustained the motion, finding violation of the Sixth and Fourteenth Amendments to the Constitution of the United States, and Article I, Section 10 and 18(a) of the Missouri Constitution, and citing *Coy v. Iowa,* —— U.S. ——, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988) and *Long v. State,* 742 S.W.2d 302 (Tex.Crim.1987) *cert. den.,* —— U.S. ——, 108 S.Ct. 1301, 99 L.Ed.2d 511 (1988). The state appeals this order of suppression.

We conclude that the order of suppression was improvidently entered and that it must be reversed. Although both parties have briefed the issue, we do not reach the question of the facial constitutionality of § 492.304 because that issue is not ripe for adjudication on the record before us. We are unable to say that the state could not make a proper use of the videotaped statement.

Section 492.304, RSMo 1986, reads as follows:

1. In addition to the admissibility of a statement under the provisions of section 492.303, the visual and aural recording of a verbal or nonverbal statement of a child when under the age of twelve who is alleged to be a victim of an offense under the provisions of chapter 565, 566 or 568, RSMo, is admissible into evidence if:

(1) No attorney for either party was present when the statement was made;

(2) The recording is both visual and aural and is recorded on film or videotape or by other electronic means;

(3) The recording equipment was capable of making an accurate recording, the operator of the equipment was competent, and the recording is accurate and has not been altered;

(4) The statement was not made in response to questioning calculated to lead the child to make a particular statement or to act in a particular way;

(5) Every voice on the recording is identified;

(6) The person conducting the interview of the child in the recording is present at the proceeding and available to testify or be cross-examined by either party;

(7) The defendant or the attorney for the defendant is afforded an opportunity to view the recording before it is offered into evidence; and

(8) The child is available to testify.

2. If the electronic recording of the statement of a child is admitted into evidence under this section, either party may call the child to testify and the opposing party may cross-examine the child.

3. As used in this section, a nonverbal statement shall be defined as any demonstration of the child by his or her actions, facial expressions, demonstrations with a doll or other visual aid whether or not this demonstration is accompanied by words.

The defendant rather assumes that the state will make use of the statement by introducing it into evidence and then tendering the victim for cross examination, without her having given any testimony from the stand. In *Long v. Texas, supra,* the Court of Criminal Appeals of Texas, the highest court of that state having jurisdiction in the premises, held that such a procedure would violate the provisions of the federal and Texas constitutions. We have no present occasion to decide whether we would follow this decision if the point were squarely presented on the record.

The reason we must withhold definitive ruling is that the state has not committed itself to the use of the statement in the manner condemned in the *Long* case. At the motion hearing the prosecuting attorney said:

MR. REDNAR: The defendant is speculating as to how we are going to use [the videotaped statement.] First of all, if I choose to use the video statement, I would choose in which way I will use it.

\* \* \* \* \* \*

... But if it's interpreted as a hearsay exception or as a violation of the hearsay rule, there is also—there is also other law, Your Honor and that is Section 491.-075(1) which allows statements made to others if the Court finds an indicia of reliability and the time and the circumstances of the statement prove up that indicia of reliability, it can be admissible in court. So if we follow that line of reasoning, under limited circumstances a videotaped statement may be admissible in court....

We do not know, therefore, how the prosecutor proposes to use the statement. If the victim were to testify from the stand, then the statement might be used in the manner approved in *State v. Bowman,* 741 S.W.2d 10 (Mo. banc 1987), to bring out variations between the statement and the testimony, or to supplement the testimony by details as to which the witness professes no present memory. Such use would appear to be permissible under the controlling federal authorities.[1]

The prosecutor might also attempt to use the statement in the manner authorized by § 491.075, RSMo 1986, construed in *State v. Wright,* 751 S.W.2d 48 (Mo. banc 1988). This section requires preliminary findings by the trial court. We express no conclusion as to whether there are any constitutional or procedural limitations on the use of statements as authorized by that section. *See State v. Seever,* 733 S.W.2d 438 (Mo. banc 1987), holding that, in spite of apparent statutory authority, there are limitations on the use of extrajudicial statements to bolster testimony.

*Coy v. Iowa, supra,* is not in point because it involves a trial proceeding in which a screen was placed between the testifying victim and the defendant. The Supreme Court held that the right of confrontation under the Sixth Amendment was violated when the defendant could not see the wit-

---

**1.** *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980); *California v. Green,* 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970).

ness. The case, and our Seever opinion, indicate that there are risks in departure from traditional procedures. We do not know at this point how much risk the prosecutor is willing to take in presenting this case to the jury.

So the question presented is not ripe for determination until it is presented in the form of an actual offer of the videotaped statement in the course of a trial. When such an offer is made the trial court will be able to rule as to whether the proposed manner of use is within constitutional bounds, and will also be able to consider any specific defense objections, as that the interrogation was inappropriately leading. Counsel may be impatient with the doctrine of ripeness, but it is a healthy doctrine of appellate practice, designed to limit adjudication to actual controversies rather than abstract questions.

The order of suppression is reversed and the case is remanded for further proceedings consistent with this opinion.

All concur.