STATE of Missouri, Respondent,

v.

William T. HESTER, Appellant.

No. 72859.

Supreme Court of Missouri,
En Banc.

Jan. 9, 1991.

David S. Durbin, Terri L. Backhus, Office of Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

HOLSTEIN, Judge.

Appellant, William T. Hester, was convicted by a jury in the circuit court of Jackson County of the class B felony of sodomy. § 566.060.[1] During the trial, out-of-court statements of the child-victim were admitted in evidence pursuant to § 491.075. Appellant claims the statute is facially unconstitutional and unconstitutional as applied in violation of his rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Missouri Constitution, art. I, §§ 10 and 18(a). The cause was transferred to this Court to determine the constitutionality of the statute. *Mo. Const. art. V, § 3.* The judgment is affirmed.

I.

The dispositive facts supporting the verdict and necessary for consideration of this appeal follow.

On the night of February 12, 1989, appellant was asleep on the living room floor of a home belonging to relatives of his wife. On the floor next to him was a member of his family, a male child less than twelve years of age. Appellant woke up with an

---

1. Unless otherwise indicated, references to stat-   utes are to RSMo 1986.

erection and with his pants unzipped. He placed his penis in the child's rectum.

The Kansas City police were dispatched to the home on the night of February 14 pursuant to a call from appellant. The police spoke with appellant, the victim, and the child's mother. Appellant was placed under arrest. The victim and the mother were taken to the hospital. Appellant subsequently signed a written confession.

Prior to trial, appellant filed a written objection to the state's intent to use the victim's out-of-court statement as provided by § 491.075. Among other complaints, appellant alleged the unconstitutionality of the statute. On August 22, 1989, a hearing was held out of the presence of the jury. Detective Rebecca Fleming, of the Kansas City Police Department, testified that she interviewed the victim on February 14 in the company of his mother, and the child described the act of sodomy. The trial court overruled the pre-trial objection to the use of the out-of-court statement.

Over defense counsel's objection that § 491.075 violated defendant's rights to "confrontation, of due process, [and] fair trial," the trial court admitted the testimony of Detective Fleming regarding statements made by the victim. The state called the child to the stand. He testified as to his name and his age, but when questioned further, he cried and covered his eyes with his fists. At that point, the court excused the witness without any further testimony. Defense counsel did not attempt to cross-examine the child.

## II.

Appellant complains in the first two points of his brief that the trial court erred in admitting the testimony of Detective Fleming pursuant to § 491.075 because that statute violates his constitutional rights. The statute provides:

491.075. Statement of child under twelve admissible, when

1. A statement made by a child under the age of twelve relating to an offense under chapter 565, 566 or 568, RSMo, performed with or on a child by another, not otherwise admissible by statute or court rule, is admissible in evidence in criminal proceedings in the courts of this state as substantive evidence to prove the truth of the matter asserted if:

(1) The court finds, in a hearing conducted outside the presence of the jury that the time, content and circumstances of the statement provide sufficient indicia of reliability; and

(2) The child either:

(a) Testifies at the proceedings; or

(b) Is unavailable as a witness.

. . . .

Appellant's brief candidly admits that § 491.075 was held constitutional on its face and as applied under a claim that admitting a child's out-of-court statements under the statute violated the Confrontation, Equal Protection and Due Process Clauses of the United States Constitution in *State v. Wright*, 751 S.W.2d 48 (Mo. banc 1988). However, he distinguishes the holding in *Wright* because the child in that case testified at the trial and was subject to cross-examination. He argues that in this case, the child was unavailable to testify. The Court in *Wright* specifically declined ruling on the question as to whether the confrontation clause might be violated if the child was unavailable as a witness.

■ The initial inquiry is whether the child in this case was unavailable. Section 491.075 does not define "unavailable." However, in the context of determining when certain out-of-court statements are admissible because the declarant is unavailable, a witness is considered unavailable when shown to be (1) deceased, (2) beyond the reach of process, (3) insane or physically ill, (4) kept away by the connivance, collusion or consent of the other party, or (5) where due diligence to secure the witness's attendance by compulsory process has failed. *Welp v. Bogy*, 218 Mo.App. 414, 277 S.W. 600, 602 (1925). Federal Rule of Evidence 804(a) is consistent with Missouri's common law definition of "unavailable witness," except it adds a witness who is privileged not to testify or a witness claiming lack of memory.

The child here was present at trial, was called to the stand by the prosecutor, answered two or three questions, then failed to respond to additional questions by the prosecutor. At that point, the child was excused. Defense counsel did not insist that the child answer the prosecutor's questions and no attempt was made to cross-examine the child. The court made no finding that the child was unavailable and defense counsel sought no determination to that effect.

Reluctance to testify is not the equivalent of unavailability to testify. The child-victim was not shown to fall within any definition of the term "unavailable witness." Therefore, the distinction claimed by appellant between this case and *Wright* does not exist. To restate the holding in *Wright,* admitting a child-victim's out-of-court statements in evidence pursuant to § 491.075 is not a violation of due process, equal protection of the law or the right to confrontation under the United States Constitution in a case in which the victim is available and produced at trial. *Wright,* 751 S.W.2d at ·51; *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980).

Appellant also argues that the Missouri Constitution, art. I, §§ 10 and 18(a), giving the accused the right to due process and to "meet the witnesses against him face-to-face," is more restrictive than the Confrontation Clause of the Sixth Amendment of the United States Constitution. The argument is unsupported by authority. Each time our courts have compared the state and federal constitutional provisions, they have concluded that art. I, § 18(a) of the Missouri Constitution protects the same rights as the Sixth Amendment of the United States Constitution. *State v. Smith,* 727 S.W.2d 188, 190 (Mo.App.1987); *State v. Jackson,* 495 S.W.2d 80, 83 (Mo.App. 1973). Under the facts presented there was no denial of "face-to-face" confrontation.

### III.

In a related point, appellant claims the trial court erred in admitting the confession because the state failed to prove the *corpus delicti.* Appellant's claim is based on an incorrect assumption that the out-of-court statements of the victim were improperly admitted. Having found that the statements were admitted pursuant to § 491.075, and having found the statute constitutional on its face and as applied in this case, the confession was properly admitted.

### IV.

Other issues are touched on in the argument portion of the brief. However, none of the other issues were preserved by timely objections, in the motion for new trial, or in the points relied on in the brief. The claims have been considered and found not to be plain error resulting in manifest injustice or a miscarriage of justice. Rule 29.12(b).

The judgment is affirmed.

All concur.