**STATE of Missouri, Respondent,**

v.

**Daniel E. ZAMORA, Appellant.**

**No. WD 42866.**

Missouri Court of Appeals,
Western District.

March 26, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 30, 1991.

Application to Transfer Denied
June 11, 1991.

Robert G. Duncan, Kansas City, for appellant.

William L. Webster, Atty. Gen., Barbara J. Wood, Asst. Atty. Gen., Jefferson City, for respondent.

Before BERREY, P.J., and FENNER and ULRICH, JJ.

BERREY, Presiding Judge.

Appellant, Daniel E. Zamora, was convicted by a jury of first degree sexual abuse, § 566.100, RSMo 1986, a class C felony. He was sentenced to one year (1) in the county jail. Appellant appeals this conviction and sentence.

Zamora alleges the court erred by: (1) allowing the state to inquire of a witness her knowledge of appellant's use of marijuana; (2) admitting emergency room records into evidence that contained a rendition of the child-victim's account of the alleged molestation; (3) denying appellant's right to cross-examine victim as to whether she had previously made a false claim of sexual molestation; and (4) receiving portions of the investigating officer's testimony into evidence which contained statements made to him by the victim.

On December 18, 1989, appellant, his wife and his wife's sister attended a birthday party in honor of his father-in-law. The Zamora's three children and Mrs. Zamora's sister's two step-daughters were left in care of two minor babysitters, D.M. and B.M. The Zamoras arrived home from the party about 3:00 a.m. Appellant was intoxicated and slept in his car. Mrs. Zamora went upstairs to bed. At approximately 5:00 a.m. appellant awoke, vomited on himself and entered the house. He went to the bathroom and removed his soiled clothing, leaving himself naked. The children and babysitters were asleep in the living room. He carried two of his children upstairs to their beds (his third child was already upstairs in bed) and returned to the living room still in the buff. He approached S.V., a seven-year-old girl, and removed her shirt and pants. He started to remove her underpants and she "told him to stop." Mrs. Zamora came down-

stairs and admonished appellant about being naked in front of the children. Mr. Zamora left the living room and went upstairs with his wife. The appellant came back downstairs and approached A.V. Both S.V. and A.V. told their step-mother about this incident as soon as their step-mother arrived at the house.

A.V., a ten-year-old, also testified as to appellant's state of undress. A.V. testified that appellant went to D.M. (one of the babysitters), lifted her and pulled off the covers. D.M. asked appellant what he was doing and he said he thought D.M. was V.Z. (appellant's daughter). At this juncture appellant went back upstairs. Appellant then returned to the first floor and went over to A.V. A.V. then testified "he pulled down the covers and then he put his hand on my vagina and squeezed it and it hurt," and "he squeezed my breasts." A.V. stated he was nude at this time and that "his penis ... [touched] my thigh." Appellant's wife came down stairs again so he covered up A.V. and went back upstairs.

Several witnesses testified in appellant's behalf. His wife testified that appellant did not touch the vaginal area or the breasts of any of the children while she was present. In addition, character witnesses testified in his behalf.

■ For his first point on appeal appellant alleges trial court error in permitting the state to inquire over objection as to appellant's use of marijuana. Ethel Sutton, a witness for appellant, was asked if she knew or had heard that appellant smoked marijuana. She answered in the negative. *State v. Hendrix*, 699 S.W.2d 779, 782 (Mo.App.1985), follows the general rule that permits cross-examination of a character witness by the state as to prior events, i.e., such as facts of prior arrests or rumors of misconduct. Mr. Zamora claims that by framing the question "did you know," the prosecuting attorney planted the thought that the appellant had smoked marijuana in the minds of the jury. The objection was not preserved. The question could be considered rhetorical in nature. The complete question is "did you know or

had you heard that the defendant smoked marijuana" to which the witness responded no. Further, the question was not a fishing expedition but asked in good faith as the prosecuting attorney had been told by several persons that the appellant smoked marijuana.

The question is similar in nature to the ancient "wife beating" question. In *State v. Harrelson,* 636 S.W.2d 83, 86 (Mo.App. 1982), the court concluded that a rhetorical question that the trial court permitted, "you want to believe those two officers sat here and deliberately lied under oath," was not of the nature to require remedial relief. Even though appellant failed to preserve this objection we review it *ex gratia.*

*State v. Reilly,* 674 S.W.2d 530, 532 (Mo. banc 1984), addresses the complaints of appellant. *Reilly* holds that facts of prior arrests or rumors of defendant's misconduct may be introduced in good faith to test the credibility of defendant's character witnesses. When appellant put his character in issue he exposed himself to evidence offered to rebut his evidence of good character. It did not matter what form the question took once the appellant had put his character at issue. Since appellant "opened the door" to his reputation he subjected himself to any ensuing disaster. *State v. Harris,* 622 S.W.2d 330, 334 (Mo. App.1981).

The question was asked not to establish the truth of the allegation or rumors but to test the witness's credibility and determine what weight the witness's testimony deserved. Appellant's Point I is denied.

■ Next appellant argues that the trial court erred in admitting Exhibit 4, the medical report from Children's Mercy Hospital, as it is on a "suspected sexual assault form." Exhibit 4 was received under the Business Record As Evidence Act, § 490.660 et seq., RSMo 1986.

The act provides an exception to the hearsay rule. It applies to both civil and criminal cases. *State v. Graham,* 641 S.W.2d 102, 106 (Mo. banc 1982). Wide discretion is granted the trial court in determining whether or not the statutory requirements for admission of business records have been met. *Id.*

The record is replete with testimony from Dr. Newman regarding preparation of the report, the time it was prepared, his note taking procedure, all of which support the position that Exhibit 4 is a business record.

Dr. Newman completed the "sexual assault form" the day he examined the victim. He knew how the records were kept and he prepared the record. He was a qualified witness. *Piva v. General American Life Ins. Co.,* 647 S.W.2d 866, 877 (Mo.App.1983). So long as the victim's statements in the medical record relate to the diagnosis and treatment and are essential to the examination they are not hearsay. *Jones v. St. Louis Housing Authority,* 726 S.W.2d 766, 775 (Mo.App.1987); *Breeding v. Dodson Trailer Repair, Inc.,* 679 S.W.2d 281, 285 (Mo. banc 1984).

■ The appellant complains that Exhibit 4 was cumulative and bolstered the evidence of the victim, her mother and the police officer. The fact that the evidence in question is cumulative is not error. *State v. Morris,* 639 S.W.2d 589, 592 (Mo. banc 1982). Appellant's Point II is denied.

■ Appellant, in Point III, complains that the trial court erred in sustaining the state's objection to appellant's cross-examination of A.V. regarding a possible prior false claim of sexual molestation. During cross-examination of A.V., the following occurred:

Q. Okay. [A.V.], have you ever made a claim against anyone else that they have molested you in the past?

MR. KLOPFENSTEIN: Your Honor, I'm going to object to this. It's irrelevant.

Q. A false claim?

MR. KLOPFENSTEIN: Your Honor, I'm going to object.

THE COURT: Counsel want to approach the bench?

(Out of the hearing of the jury):

THE COURT: Do you want to make some kind of an offer where you're going with this?

MR. DUNCAN: Where I'm going, Your Honor, it's my understanding that she made a false claim against her real mother. That her real mother had made her go to bed with her and do things, touch her and that. And then later she admitted that was false.

MR. KLOPFENSTEIN: Your Honor, I don't, I don't believe that it's in any way relevant to testimony. I don't have any information regarding that. I think it's highly prejudicial to the case.

THE COURT: You have some kind of verification that she's made such a claim?

MR. DUNCAN: The only one I have is the Defendant's wife....

THE COURT: Unless you have more than that, I'm going to sustain the objection.

The trial court enjoys broad discretion as to the extent of cross-examination and this court will not interfere with the trial court's determination unless an abuse of that discretion is shown. *State v. Frison*, 775 S.W.2d 314, 318 (Mo.App.1989). In the instant case no such abuse of discretion appears.

■ Where an objection has been made and is sustained as to evidence that a party seeks to introduce, that party must show the materiality and relevance of the evidence by way of an offer of proof in order to preserve the matter upon appeal. *State v. Clay*, 763 S.W.2d 265, 270 (Mo.App. 1988). The offer must be specific, stating facts sufficient in detail to establish the admissibility of the evidence. *Id.* In the instant case we only have defense counsel's assertion that the victim had made a false claim of sexual molestation against her natural mother based upon what appellant's wife had said. No showing of materiality or relevancy was made and the trial judge properly sustained the objection.

Appellant's Point III is denied.

■ Finally, in Point IV appellant alleges trial court error in allowing Detective Earhart to testify as to statements made to him by A.V. because reliability of these statements was not established and constituted improper bolstering. The testimony of Detective Earhart was admitted pursuant to § 491.075, RSMo 1986, which reads:

**491.075. Statement of child under twelve admissible, when.**—1. A statement made by a child under the age of twelve relating to an offense under chapter 565, 566 or 568, RSMo, performed with or on a child by another, not otherwise admissible by statute or court rule, is admissible in evidence in criminal proceedings in the courts of this state as substantive evidence to prove the truth of the matter asserted if:

(1) The court finds, in a hearing conducted outside the presence of the jury that the time, content and circumstances of the statement provide sufficient indicia of reliability; and

(2) The child either:

(a) Testifies at the proceedings; or

(b) Is unavailable as a witness.

Section 491.075, RSMo 1986, gives the trial court discretion in determining "whether the time, content and circumstances of a child's statement provide sufficient indicia of reliability to justify its admission into evidence." *State v. Potter*, 747 S.W.2d 300, 305 (Mo.App.1988). In the instant case a pretrial hearing was held. Detective Earhart testified that he took a statement from A.V. on December 20, 1988, two days after the incident. This passage of time, two days, does not make A.V.'s statement unreliable. In *State v. Taylor*, 735 S.W.2d 412 (Mo.App.1987), a victim's statement was found to be reliable and the facts of that case indicate that in January, 1985, the abuse of the victim began and the victim did not report the activities for several months. It was June, 1985, when the statement was made by the victim. *Id.* at 414.

Detective Earhart testified that he and his secretary were present while A.V.'s statement was being taken. He stated that he did not assist A.V. with the language in the statement. His secretary typed the statement as it was given. There existed sufficient indicia of reliability for the admission of the statement and thus no abuse

of discretion can be found under the facts of the instant case.

Appellant alleges that the testimony of Detective Earhart constituted improper bolstering. In *State v. Wright*, 751 S.W.2d 48, 53 (Mo. banc 1988), the Missouri Supreme Court rejected a similar argument finding that, "out-of-court statements such as those in question are a species of evidence distinct from the declarant's testimony at trial possessing unique strengths and weaknesses." *See also State v. Culkin*, 791 S.W.2d 803 (Mo.App.1990); *State v. Bereuter*, 755 S.W.2d 351 (Mo.App.1988). Appellant's Point IV is denied. The judgment is affirmed.

All concur.