

# In the
# Missouri Court of Appeals
# Western District

| | | |
|---|---|---|
| **STATE OF MISSOURI,** | ) | |
| | ) | |
| **Respondent,** | ) | **WD85498** |
| | ) | |
| **v.** | ) | **OPINION FILED:** |
| | ) | **October 3, 2023** |
| **LONNIE ALLEN OGLE,** | ) | |
| | ) | |
| **Appellant.** | ) | |

**Appeal from the Circuit Court of Saline County, Missouri**
The Honorable Dennis Allen Rolf, Judge

Before Division Four: Gary D. Witt, Chief Judge, Presiding, Cynthia L. Martin, Judge
and Anthony Rex Gabbert, Judge

Lonnie A. Ogle ("Ogle") appeals the judgment of the Circuit Court of Saline County, Missouri ("trial court") convicting him, following a jury trial, of one count of child molestation, section 566.067.[1] Ogle was sentenced to twenty-five years' imprisonment. On appeal, Ogle claims the trial court plainly erred in admitting out-of-court statements of a child victim in violation of Ogle's Sixth Amendment right to confront his accuser. Finding no error, we affirm the judgment of the trial court.

---

[1] All statutory citations are to the Revised Statutes of Missouri (2016) as updated through 2020.

## Factual and Procedural Background

On May 3, 2020, Ogle volunteered to babysit Victim, who was five years old at the time, while Victim's father ("Father"), uncle ("Uncle"), and uncle's girlfriend ("Girlfriend") went to the store for about an hour.[2]  Upon their return, Ogle and Victim were in a shed about ten feet away from Ogle's house.

Girlfriend entered the shed, as Ogle walked out.  Once in the shed, Girlfriend found Victim standing on top of a shelf, drawing on a white board.  Victim told Girlfriend she wanted to go home and change her clothes.  Girlfriend noticed Victim touch her private area and Girlfriend asked Victim if she needed to go to the bathroom.  Victim said she did not need to go to the bathroom but her "pooky" hurt.[3]  Girlfriend asked why, and Victim stated Ogle touched her "pooky."  As Girlfriend left the shed with Victim, Victim stated to Ogle, "Grandpa Lonnie, I told [Girlfriend] you touched my pooky."  Ogle did not respond.

Girlfriend took Victim home, down the street from Ogle's property.  Girlfriend called Father and Uncle to the house and Victim told them that Ogle put his finger inside of her vagina and attempted to put his penis inside of her.  Father called the police and took Victim to Children's Mercy Hospital in Kansas City where she was examined by a Sexual Assault Nurse Examiner ("Nurse").  The Nurse found swelling around her urethra and a bruise on her inner thigh.  She also noted additional redness, swelling and bruising on her hymen.  She also collected swabs for DNA analysis.

---

[2] Pursuant to sections 509.520 and 595.226 we do not use the victim's name or witness names in this opinion.

[3] Victim uses the word "pooky" to describe her vagina.

The next day, on May 4, 2020, Father took Victim to Child Safe of Central Missouri in Sedalia for a forensic interview. A forensic interviewer ("Interviewer"), spoke with Victim about what happened with Ogle. The interview was video recorded in its entirety.

On August 17, 2020, Ogle was charged with one count of first-degree child molestation, section 566.067.

On November 15, 2021, the trial court conducted a pre-trial hearing pursuant to section 491.075.1 to determine the admissibility of out of court statements made by Victim, who was five years old on the date of the charged offense and seven years old at the time of trial. Ogle consented to the admission of Victim's videotaped interview with Interviewer. On December 1, 2021, the trial court entered an order finding that based upon the court's review of the videotaped interview and the other evidence admitted at the hearing, Victim's statements through Interviewer's testimony as well as that of other witnesses would be admissible at trial if Victim testified.

A jury trial was held. During the State's case-in-chief, Victim was called to the stand and testified briefly but was resistant to discussing the events leading to the criminal charges and was not asked further about them by the prosecutor.

When offered the opportunity to cross-examine Victim, Ogle's counsel stated "I have no questions." The State proceeded to call Interviewer who testified about his interview with Victim and her disclosures. During Interviewer's testimony, the videotaped interview was admitted into evidence and played for the jury. The videotape included statements from Victim that Ogle "rubbed his peenie on [her] vagina" and Ogle told Victim he wanted "to touch [her] pooky for a while."

3

Ogle did not object at trial regarding the admission of Interviewer's testimony or the videotape. The jury found Ogle guilty of first-degree child molestation. Ogle waived jury sentencing and was sentenced by the court to twenty-five years' imprisonment. This appeal follows.

## Standard of Review

In his single point on appeal Ogle argues that the trial court plainly erred by admitting Victim's videotaped interview and Interviewer's testimony about Victim's statements in the interview. We may, at our discretion, review unpreserved claims for plain error. Rule 30.20.[4] Plain error review is a two-step process. *State v. Minor*, 648 S.W.3d 721, 731 (Mo. banc 2022). First, the appellate court must determine if the claim facially establishes that the error was evident, obvious, and clear, and substantial grounds exist to believe that manifest injustice or a miscarriage of justice has resulted. *Id.* Because the error has not been raised before the trial court by any party, the error must be so open and obvious that a trial court would recognize an obligation to take action *sua sponte* to exclude the evidence. *Id.* Only if the appellate court gets past this first step does it move to the second step, which requires the party alleging the error to establish that the claimed error actually resulted in manifest injustice or a miscarriage of justice. *Id.*

## Analysis

Ogle argues that the trial court plainly erred by admitting Victim's videotaped interview and Interviewer's testimony about Victim's statements in the interview. Ogle

---

[4] All rule references are to Missouri Supreme Court Rules (2023).

contends that Victim's decision to not answer questions at trial about her allegations of sexual abuse violated Ogle's right to effectively confront and cross-examine Victim under the Sixth Amendment of the United States Constitution and Article I, section 18(a) of the Missouri Constitution. We disagree.

Ogle's counsel consented to the admission of the videotaped interview at the pre-trial hearing and did not object at trial regarding the admissibility of the videotape and Victim's statements to Interviewer made during their interview. As Ogle acknowledges, the alleged error is unpreserved and, thus, may only be reviewed for plain error.

The United States Constitution and Missouri Constitution provide that an accused shall enjoy the right to be confronted with witnesses against him in criminal prosecutions. U.S. Const. amend. VI; Mo. Const. art. I, sec. 18(a). An accused's right to confront the witnesses against him is satisfied when he is given the "wide latitude at trial to cross-examine witnesses . . . ." *State v. Taylor*, 944 S.W.2d 925, 931 (Mo. banc 1997). "While a meaningful opportunity for cross-examination is necessary, the Confrontation Clause guarantees only an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *State v. Perry*, 275 S.W.3d 237, 244 (Mo. banc 2009) (internal quotation marks omitted).

The Confrontation Clause places no constraints on the use of a declarant's prior testimonial statements against the accused when the declarant is available and subject to cross-examination at trial. *Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004).

Section 491.075 controls the admissibility of a child witness's out-of-court statement. Under section 491.075, a child witness's out-of-court statement that is otherwise inadmissible may be admitted as substantive evidence if:

> (1) The court finds, in a hearing conducted outside the presence of the jury[,] that the time, content[,] and circumstances of the statement provide sufficient indicia of reliability; and
> (2)(a) The child or vulnerable person testifies at the proceedings; or
> (b) The child or vulnerable person is unavailable as a witness; or
> (c) The child or vulnerable person is otherwise physically available as a witness[,] but the court finds that the significant emotional or psychological trauma [that] would result from testifying in the personal presence of the defendant makes the child or vulnerable person unavailable as a witness at the time of the criminal proceeding.

Section 491.075.1.

"[E]ven if statements are otherwise admissible under the provisions of [section] 491.075.1, their admission may violate the Confrontation Clause if the statements are testimonial and the defendant has not had the opportunity to cross-examine the declarant." *State v. Webb*, 569 S.W.3d 530, 543 (Mo. App. W.D. 2018).

Ogle's main assertion is that while Victim's out-of-court statements were admitted pursuant to section 491.075.1, Ogle was denied the opportunity to cross-examine Victim because she did not testify at trial about the allegations of sexual abuse. Ogle's argument is similar to one presented on appeal in *State v. Tanner*, 220 S.W.3d 880 (Mo. App. S.D. 2007). In *Tanner*, appellant claimed a child victim did not testify as required by section 491.075 when she reluctantly answered questions, often giving non-verbal responses, and failed to give evidence establishing or proving the elements of the offense. *Id.* at 884-85. The Southern District of this court rejected appellant's argument and held the victim did

6

testify in accordance with section 491.075. *Id.* at 886. The victim's "reluctance to testify, especially considering her young age, [was] not the same as not testifying." *Id.*; *see also State v. Hawkins*, 604 S.W.3d 785, 791-93 (Mo. App. W.D. 2020) (holding child victim sufficiently testified under section 491.075 when she took the stand and was questioned, despite her nonverbal answers); *State v. Hester*, 801 S.W.2d 695, 697 (Mo. banc 1991) (holding child victim was available under section 491.075 when he took the stand, despite only answering a few questions before being excused by the court).

Here, Victim sufficiently testified pursuant to section 491.075. Victim was available and present at trial. Like in *Tanner, Hawkins,* and *Hester*, this is not a case where a child victim never appeared or refused to testify. Victim testified and answered questions about her birthday, her family, where she lives, and whether she understands the difference between a truth and a lie. When the State asked Victim if there was anything she wanted to talk about pertaining Ogle, she responded "Huh-uh." This was the only question Victim was asked, regarding what happened with Ogle. Victim's reluctance to answer one question does not by itself render her testimony insufficient to support the admission of 491 evidence.

When determining the sufficiency of a child victim's testimony to support the admission of 491 evidence, "it is not direct examination that is the focus . . . [r]ather, it must be that the defendant is unable to elicit sufficient testimony on cross-examination for there to be an issue about admitting 491 evidence." *Hook v. State*, 611 S.W.3d 842, 854-55 (Mo. App. W.D. 2020). Ogle had the opportunity to cross-examine Victim but affirmatively waived the opportunity to do so. Like in *Tanner*, Ogle could have chosen to

7

cross-examine Victim about her statements; "[h]is failure to do so cannot now be challenged by stating that [victim] did not 'testify.'" *See Tanner*, 220 S.W.3d at 886.

Ogle, however, asserts he should not be faulted for failing to cross-examine Victim because the State told Victim she would not have to talk about Ogle. We disagree. First, Ogle failed to object to the State's statement to Victim during its direct examination saying that she did not have to testify about Ogle. Further, Victim's reluctance to discuss her allegations against Ogle with the State did not restrict or deny Ogle the meaningful opportunity to cross-examine Victim. Ogle's decision to refrain from asking Victim about her accusations against him was a strategic choice. "While no doubt defense counsel had to weigh his desire to engage in such questioning with his desire not to bully a child witness and not to repeat her most damning allegations, this is the type of strategy decision that occurs in any cross-examination." *Perry*, 275 S.W.3d at 244. "[A]n appellate court should not use [plain error review] to impose a *sua sponte* duty upon a trial court to correct mistakes of a defendant's own making." *State v. Shockley*, 410 S.W.3d 179, 201 (Mo. banc 2013).

We find Ogle had the meaningful opportunity to cross-examine Victim about her out-of-court statements but failed to avail himself of that opportunity, and the trial court did not plainly err in admitting this evidence pursuant to Section 491.075.

## Conclusion

We affirm the judgment and sentence of the trial court.

_____

Gary D. Witt, Judge

All concur