**STATE of Missouri, Respondent,**

v.

**Donald WARE, Appellant.**

No. 48111.

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 21, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 28, 1984.

Application to Transfer Denied
Nov. 20, 1984.

Debra Buie Arnold, St. Louis, for appellant.

**864**

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Judge.

Appellant Donald Ware was convicted by a jury of two counts of robbery in the first degree, § 569.020 RSMo 1978, two counts of kidnapping, § 565.110 RSMo 1978, and one count of attempt to commit forcible rape, § 564.011 RSMo 1978 and § 566.030 RSMo Supp.1982. The court sentenced appellant to a total of forty years' imprisonment. He received ten-year terms for each of the five counts, but one of the kidnapping sentences is to be served concurrently; the other four sentences are to be served consecutively. The sole issue raised on appeal concerns the attempted rape charge. We affirm.

Since the appeal concerns only the attempted rape charge, we will mention only the facts that are pertinent to that charge. The events occurred during the early morning hours of November 18, 1982. Appellant, while in the possession of a gun, demanded that the victim get into an automobile with him. While inside the automobile, appellant demanded that the victim remove her pants. The victim asked if appellant intended to rape her. Appellant merely repeated his demand in response to the victim's question. The victim indicated to the appellant that she was menstruating. Appellant then grabbed the victim's sweatshirt in an attempt to pull it up. He was unsuccessful. The victim had pinned her sweatshirt to her blue jeans so that her shirt would not pull out of her pants while she was ice skating, which she had done earlier that night. The appellant released the victim shortly thereafter.

Appellant asserts that the trial court erred in overruling appellant's motion for acquittal because the evidence did not indicate a specific intent to have sexual intercourse by forcible compulsion. As such, appellant argues that he did not take a "substantial step" toward the commission of the crime of rape. See § 564.011(1) RSMo 1978. We disagree.

Specific intent to engage in sexual intercourse without consent is an essential element of the crime of attempted rape. See State v. Selle, 367 S.W.2d 522, 527 (Mo.1963). It is the unusual situation when there is direct evidence of the intent of a person charged with attempted rape. State v. Roden, 674 S.W.2d 50, 53 (Mo.App. 1984). Intent may and generally must be established by circumstantial evidence, for as a rule it is not susceptible of direct proof. State v. Petrechko, 486 S.W.2d 217, 218 (Mo.1972). The evidence need not establish the intent as a matter of law; it is sufficient that it authorizes such a finding by a jury. State v. Roden, supra at 53.

From the evidence adduced at trial, a jury could have reasonably believed that appellant intended to rape the victim. The victim testified that appellant was in possession of a gun at all times during the ordeal. She also testified that appellant twice ordered her to remove her pants. Furthermore, appellant attempted to pull up the victim's sweatshirt. The facts in the case at hand are indicative of an intent to engage in sexual intercourse. See State v. Selle, supra.

The modern trend as recognized by State v. Roden, supra at 53, is to infer an intent to rape from an assailant's actions. The court there cites cases from other jurisdictions which support the trend. This court, therefore, finds that the evidence in the instant case establishes appellant's intent to engage in sexual intercourse with the victim.

As such, appellant's actions constituted a "substantial step" toward the commission of the crime of rape.

Judgment affirmed.

REINHARD, C.J., and CRIST, J., concur.