**Donald WARE, Movant–Appellant,**

v.

**STATE of Missouri,
Respondent–Respondent.**

**No. 54623.**

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 24, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 13, 1989.

Application to Transfer Denied
May 16, 1989.

Janis C. Good, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Judge.

Movant appeals from the denial, in part, of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant was convicted by a jury on two counts of first degree robbery, two counts of kidnapping and one count of attempted forcible rape. He was sentenced on each count to ten years imprisonment, with four of the sentences to run consecutively, and one to run concurrently. In movant's direct appeal, he challenged only the conviction for attempted forcible rape; we affirmed. *State v. Ware*, 678 S.W.2d 863 (Mo.App.1984).

Movant filed a pro se Rule 27.26 motion and appointed counsel filed an amended motion in which movant alleged, among other things, that his trial counsel was ineffective for failing to request MAI–CR2d 3.58, an instruction on the permissible uses of a defendant's prior convictions. After an evidentiary hearing, the motion

court denied the motion with respect to counsel's failure to request MAI–CR2d 3.58, finding the decision not to request the instruction to be trial strategy. This ruling forms the sole basis of movant's appeal.[1]

The record reveals that movant's contention is factually refuted. MAI–CR2d 3.58 was requested by counsel and submitted to the jury. "[E]ven if we do not accept the [motion] court's basis for its dismissal, if the judgment of the trial court may properly be sustained on other grounds, its judgment must be affirmed." *Davis v. State*, 600 S.W.2d 182, 184 (Mo.App.1980) (*quoting State v. Kimes*, 415 S.W.2d 814, 815 (Mo.1967).

JUDGMENT AFFIRMED.

CRANDALL, P.J., and CRIST, J., concur.

The court ordered resentencing so that movant could appeal those convictions not originally directly appealed.

---

1. The motion court granted movant's motion in part, based on movant's claim that his counsel's ineffectiveness denied him the right to appeal.