**STATE of Missouri, Respondent,**

v.

**Donald WARE, Appellant.**

No. 54709.

Missouri Court of Appeals,
Eastern District,
Division Five.

March 28, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 25, 1989.

Application to Transfer Denied
June 13, 1989.

The court ordered resentencing so that movant could appeal those convictions not originally directly appealed.

Janis C. Good, St. Louis, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

1. Appellant appealed this denial in *Ware v. State,* 770 S.W.2d 249 (Mo.App.1989) which was

PUDLOWSKI, Chief Judge.

On October 19, 1983, appellant Donald Ware was convicted by a jury on two counts of robbery in the first degree § 569.020 RSMo 1978, two counts of kidnapping § 565.110 RSMo 1978, and one count of attempted forcible rape §§ 564.011 and 566.030 RSMo 1978. He was sentenced to ten years of imprisonment on each count, to run consecutively, except for one count of kidnapping to run concurrently, for a total of forty years of imprisonment. The attempted rape charge was affirmed on direct appeal in *State v. Ware,* 678 S.W.2d 863 (Mo.App.1984). Next, appellant filed a Rule 27.26 motion regarding all five counts. The allegations of the attempted rape were denied.[1] However, the convictions of the robbery in the first degree and kidnapping were vacated and remanded for resentencing to allow appellant to perfect his appeal. Subsequently, appellant was resentenced for a total of thirty years imprisonment. From this appellant appeals.

The evidence at trial revealed that on November 17, 1982 at approximately 1:30 a.m., Betty Johnson and Gloria Pruitt had just returned from skating. While retrieving items from the trunk of Gloria's car, a man identified as appellant approached the women with a gun. Appellant asked for money and directed both women into the car. He ordered Gloria to drive to a vacant house several blocks away. During the drive appellant obtained money and a gold ring from the women. Next, appellant ordered both women into the vacant house where he tied Gloria's hands and feet with the laces from the skates. Appellant then led Betty back to the car where he asked her to remove her pants. After Betty responded that she was menstruating, appellant grabbed her sweatshirt and attempted to pull it up. He was unsuccessful because Betty had pinned the sweatshirt to her jeans for skating purposes. Appellant finally drove Betty back to the area where he originally abducted the women and re-

affirmed.

leased her. Throughout the entire period, appellant maintained control of the gun.

Appellant argues the failure to include the definition of "serious physical injury" as required by MAI–CR2d 23.02 in the jury instructions was prejudicial error. The Notes on Use of MAI–CR2d 23.02 requires the term "serious physical injury" to be defined if used in any of the instructions. However, appellant did not object at trial or in a motion for new trial, resulting in failure to preserve the issue for appellate review. *State v. Fetty*, 654 S.W.2d 150, 155 (Mo.App.1983); *State v. James*, 641 S.W.2d 146, 148 (Mo.App.1982). Thus, a plain error standard applies. *State v. Sanders*, 541 S.W.2d 530, 533–34 (Mo. banc 1976). Instructional error amounts to plain error only if the trial court has so misdirected or failed to instruct the jury on the law of the case as to cause manifest injustice. *State v. Chaney*, 663 S.W.2d 279, 283 (Mo.App.1983); *State v. Murphy*, 592 S.W.2d 727, 733 (Mo banc 1980); Rule 29.12(b).

The prejudicial effect of omitting "serious physical injury" from the instructions is judicially determined. *State v. Rodgers*, 641 S.W.2d 83, 85 (Mo.1982); *State v. Chaney*, 663 S.W.2d 279 (Mo.App.1983); Rule 28.02(e).

The definition of "serious physical injury" as set out in MAI–CR2d 33.01 states: "Means physical injury that creates a substantial risk of death or that causes serious permanent disfigurement or protracted loss or impairment of the function of any bodily members or organ." The use of a deadly weapon, such as a knife or gun, clearly indicates the victim is threatened with the substantial risk of death, or serious permanent disfigurement or loss of bodily organ. In a similar line of cases, no manifest injustice resulted from absence of the definition of "serious physical injury." *State v. Snyder*, 748 S.W.2d 781 (Mo.App. 1988); *State v. Blockton*, 703 S.W.2d 500, 503–504 (Mo.App.1985); *State v. Van Doren*, 657 S.W.2d 708, 713–714 (Mo.App.1983).

No plain error exists because a jury could surely make the same inference from the facts as the MAI definition sets out. *See also, State v. Pippenger*, 708 S.W.2d 256, 269–70 (Mo.App.1986) (jury could find victim feared for her life because of means used by accused); *State v. Allbritton*, 660 S.W.2d 322, 327–28 (Mo.App.1983) (Jury not misled and surely knew what serious physical injury is when knife is placed to throat). *State v. Snyder*, 748 S.W.2d 781 (Mo.App. 1988) (logic certainly extends where defendant held a pistol six inches from victim's head).

In the present case, appellant used a gun to kidnap and rob the two victims. Appellant ordered the women to do various things at gun point and attempted to rape Betty Johnson at gun point. Under such facts, a jury could infer that both victims were under a substantial risk of death, disfigurement, or protracted bodily injury if the victims were shot. Thus, the absence of the definition of "serious physical injury" did not constitute plain error. Affirmed.

CARL R. GAERTNER and CRANDALL, JJ., concur.