STATE of Missouri, Respondent,

v.

Benjamin BOLDEN, Appellant.

No. WD 42309.

Missouri Court of Appeals,
Western District.

Sept. 11, 1990.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Oct. 30, 1990.

Application to Transfer Denied
Dec. 18, 1990.

John Klosterman, Jane Garland, Columbia, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and FENNER and ULRICH, JJ.

FENNER, Judge.

Benjamin Bolden presents this consolidated appeal challenging his jury convictions of one count of first degree burglary and one count of third degree sexual abuse. He also appeals from the denial of his motion for post-conviction relief pursuant to Rule 29.15.

Bolden does not challenge the sufficiency of the evidence to support his convictions. Suffice it to say that there was ample evidence from which the jury could have found Bolden guilty of the offenses.

On appeal Bolden presents three points. In point one, he argues that the trial court plainly erred by failing to *sua sponte* grant a mistrial during a portion of the prosecution's closing argument which he characterizes as a misstatement of the law on the consideration of lesser included offenses and which he claims improperly shifted the burden of proof.

■ The complained of argument occurred during the first half of the prosecutor's closing argument wherein it was stated:

"It's only a lesser-included offense when you find that he's not guilty of burglary in the first degree so the only time that you're even going to get to trespass in this case is when the 12 of you unanimously agreed [sic] that he's not guilty of burglary."

Additionally, on rebuttal the prosecutor stated:

"And only if beyond a reasonable doubt, only if you all unanimously agree that it's not burglary do you then consider whether it's trespass."

Initially, it is noted that this issue has not been properly preserved for review as no objection was raised at trial. However, even had an objection been raised, the record does not reveal that relief is justified as the remarks had no decisive effect on the jury. Rule 30.20, *State v. Clemmons*, 753 S.W.2d 901, 920 (Mo. banc 1988), *cert. denied*, 488 U.S. 948, 109 S.Ct. 380, 102 L.Ed.2d 369 (1988).

Further, the trial court is charged with assessing the prejudicial effect of the prosecutor's remarks, as it is in the best position to make such judgment. *State v. Wren*, 643 S.W.2d 800, 802 (Mo.1983). Abuse of discretion will only be found where the prosecutor's statements are plainly unwarranted. *State v. McDonald*, 661 S.W.2d 497, 506 (Mo. banc 1983), *cert. denied*, 471 U.S. 1009, 105 S.Ct. 1875, 85 L.Ed.2d 168 (1985).

Finally, as argued by the state, even where a prosecutor's argument was improper because it was inconsistent with the verdict directing instruction, it has been held that such argument did not constitute plain error where evidence of guilt was strong. *State v. Mason*, 657 S.W.2d 40, 44 (Mo.App.1983).

Thus, even if, *arguendo*, the prosecutor's argument was impermissible, it did not rise to the level of manifest injustice. The jury had before it sufficient evidence to support the conviction and the argument cannot be found to have been decisive to the jury's decision. Bolden's argument does not meet the standard for plain error. Point one is denied.

■ In point two, Bolden argues that the trial court committed plain error by allowing the state to introduce into evidence and play for the jury an audio tape recording of the 911 emergency call that the victim made to the police department. He complains that the content of the audio tape completely duplicated and improperly bolstered the credibility of the victim's in-court testimony, resulting in an undue advantage to the state.

Bolden's claim lacks merit. At trial, the prosecutor laid a proper foundation for admission of the audio tape, then offered it into evidence as State's exhibit 11. At that time, defense counsel stated "no objection." Again, when the tape was to be played, defense counsel stated "no objection."

The law in Missouri is clear that statements of "no objection" do not merely fail to properly preserve an issue for review, but effectively waive the issue. *State v. Myers*, 770 S.W.2d 312, 315 (Mo.App.1989). Any claim of error herein was waived at trial by the responses of defense counsel. Point two is denied.

■ In his third and final point, Bolden complains that the motion court erred in denying his Rule 29.15 motion because he was denied his state and federal constitutional right to the effective assistance of trial counsel. He argues that trial counsel was ineffective for attempting to plead that he was guilty of Count II, sexual abuse, before the jury. Bolden claims this action was prejudicial because trial counsel had presented, as the defense to first degree burglary, that Bolden lacked the purpose to commit a crime when he entered the victim's residence, but counsel admitted before the jury that Bolden had sexually abused the victim, thus supplying the essential element of burglary that counsel had contested in his argument. The motion court held that this constituted trial strategy.

Pursuant to Rule 29.15, a movant has the burden of establishing grounds for relief by a preponderance of the evidence and review by this court is limited to a determination of whether the findings, conclusions and judgment are clearly erroneous. Additionally, this court should not, through the use of hindsight, question a strategy pursued by counsel at trial. *Strickland v. Washington,* 466 U.S. 668, 690, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In order for an appellant to prove he was prejudiced by his counsel's deficient performance, he must show that but for his counsel's errors, a different outcome would have resulted. *Sanders v. State,* 738 S.W.2d 856, 860-61 (Mo. banc 1987).

As reflected in the detailed findings of the motion court, during trial, Bolden's counsel attempted unsuccessfully to withdraw his plea of guilty to Count II, sexual abuse. Defense counsel did, subsequently argue to the jury that Bolden had committed the class B misdemeanor of third degree sexual abuse. Defense counsel testified at the Rule 29.15 hearing that his reasons for attempting to plead guilty to third degree sexual abuse was to get an acquittal on Count I, the felony burglary charge. Counsel stated that he had talked this over with Bolden and that Bolden did not object to this strategy and that the only viable defense was to argue that Bolden had permission to enter the premises.

The record reflects that defense counsel made the strategic decision to concede Bolden's guilt to the misdemeanor charge in an attempt to avoid conviction of felony burglary. This strategic decision does not constitute ineffective assistance of counsel. The findings of the motion court in this regard are not clearly erroneous. Point three is denied.

The convictions and the denial of Bolden's Rule 29.15 motion are affirmed.

All concur.