STATE of Missouri, Plaintiff–
Respondent

v.

Jayce Allen PHELPS, Defendant–
Appellant.

No. 16938.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 26, 1991.

Motion for Rehearing or Transfer to
Supreme Court Denied Sept. 17, 1991.

Blythe H. Crist, Springfield, for defendant-appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PARRISH, Presiding Judge.

Jayce Allen Phelps (defendant) was convicted of sodomy and of sexual abuse in the first degree following a jury trial. §§ 566.-060.3 [1] and 566.100. Defendant appeals those convictions. This court affirms.

The evidence, viewed in the light most favorable to the verdict, was that the victim (Jennifer) of the offenses of which defendant was convicted was eight years old at the time the offenses occurred. Defendant was married to Jennifer's mother. Jennifer testified that defendant touched her private parts with his tongue and that defendant had put his private parts in her mouth. This had occurred when Jennifer's mother was "at work or at the store."

The first person Jennifer talked to about the events that led to defendant's criminal charges and trial was Jennifer's grandmother. Jennifer was at her grandmother's residence. The grandmother was watching a television show about rape and incest. She had Jennifer come into the room where she was watching the television program and asked Jennifer if Jennifer knew what rape meant. Jennifer said "no." The grandmother then "described what rape meant." Jennifer told her grandmother, "Jayce did that to me." The grandmother told Jennifer's mother what Jennifer had said.

Jennifer was later examined by a physician, Dr. Ferguson. Jennifer would not talk to either Dr. Ferguson or a nurse who assisted him in his examination. Dr. Fer-

guson performed an external examination and a colposcopic examination. Dr. Ferguson found no evidence of lacerations, abrasions or contusions. He did observe "a little tiny bit of enlargement of the hymenal opening for a girl of her age." He testified that the hymenal opening can be stretched gradually over a period of time in such a way that there is no tearing or abrasions. Dr. Ferguson concluded that there was no clinical evidence present of sexual abuse, but that he could not rule out the possibility that Jennifer had been sexually abused.

The state also presented the testimony of a deputy juvenile officer, Marie Swope. Ms. Swope testified that she interviewed Jennifer after a sexual abuse complaint was made "via the hot line, Missouri hot line." Ms. Swope conducted her interview with Jennifer October 17, 1988. She testified that Jennifer told her that the last time the occurrences she related had occurred "was the summer of 1988." Ms. Swope said that Jennifer identified the perpetrator of the incidents of abuse as "her stepfather, Jayce Phelps." Jennifer told Ms. Swope that the events she described occurred "at her home where she lived with her mother and where Jayce had been residing as well." They had occurred in the living room, the bedroom and the bathroom. "[A]natomically correct dolls" were used by Jennifer in describing what had occurred.

Ms. Swope stated that Jennifer told her that the incident that occurred in the bathroom involved a time when Jennifer was in the bathtub with defendant. Jennifer's brother, Devon, who was two years old at the time of the trial, was also in the bathroom. Devon was not in the bathtub. He was near the bathtub and he was crying. Ms. Swope was asked the following questions and gave the following answers regarding her interview with Jennifer:

Q. What did she tell you about that incident in terms of what sexual acts if any had occurred?

1. Citations to statutes are to RSMo 1986.

229

A. She indicated that Mr. Phelps' privates, as she called them, or his penis, contacted her vaginal area, her privates.

Q. Okay. With reference to the incident in the living room, was she able to give you any details about the circumstances of that incident?

A. Yes, she gave a number of details.

Q. Could you tell us, for example, did she indicate what she was wearing at the time?

A. Yes.

Q. What did she say she was wearing?

A. A blue short outfit. It was summertime.

Q. Okay. What did she relate concerning that incident?

A. She related that she was in the living room watching TV and that Jayce, who had his clothes on, and she had her clothes on as well. Jayce approached her and said, "Take your clothes off." She said she did. And then she said he had her to lie down and she demonstrated with the dolls that she was lying face down.

And I said, "Where? You know, where are you lying?" And she was able to say it as on the floor.

And then she said that he took his pants and lowered them. And she was careful to point out that he did not take them off but he did lower them, got on top of her and she said that he touched her in her privates with his penis.

Defendant's first point on appeal asserts that the trial court erred in overruling his motion for judgment of acquittal at the close of the state's evidence and at the close of all the evidence because "the evidence was legally insufficient to convict defendant-appellant because the prosecutrix' statement was contradictory and in conflict with physical facts." Defendant argues that there was "no substantive corroborating evidence."

■ Defendant did not include this claim of error in his motion for new trial. It was not preserved for appellate review. Rule 29.11(d). Defendant requests, however, that the issue be reviewed on appeal as a question of plain error. *See* Rule 29.12(b).

When reviewing a matter as plain error, "relief will be granted only when the error so substantially affects the rights of an accused that a manifest injustice or miscarriage of justice will inexorably result if left uncorrected." *State v. Burch*, 778 S.W.2d 731, 742 (Mo.App.1989).

This court notes, initially, that corroboration is not required "unless the victim's testimony is so contradictory and in conflict with the physical facts, surrounding circumstances and common experience so that the validity of such testimony is rendered doubtful. Barring gross inconsistencies and contradictions, a resolution of conflicts in the evidence and the determination of the credibility of the witness are matters for the jury to determine." *State v. Koonce*, 731 S.W.2d 431, 439 (Mo.App. 1987).

■ Having reviewed the record on appeal, this court does not conclude that the jury's determinations in finding defendant guilty of the offenses charged are based upon testimony of the victim that is in conflict with the physical facts and circumstances shown by the evidence at trial. Nor does this court perceive the jury's determinations to be violative of any norm of common experience. Noting no manifest injustice nor miscarriage of justice, defendant's claim of plain error is denied.

Defendant next contends that the trial court erred in finding that the out-of-court statements made by the victim to the juvenile officer, Marie Swope, possessed the requisite indicia of reliability to be admissible as substantive evidence to prove the truth of the assertions made. He further contends that the admission of the statements Jennifer made to Ms. Swope into evidence violated his "right to confrontation of witnesses as guaranteed by the Missouri Constitution."

Section 491.075 states:

1. A statement made by a child under the age of twelve relating to an offense under chapter 565, 566 or 568, RSMo, performed with or on a child by another, not otherwise admissible by statute or court rule, is admissible in evidence in

criminal proceedings in the courts of this state as substantive evidence to prove the truth of the matter asserted if:

(1) The court finds, in a hearing conducted outside the presence of the jury that the time, content and circumstances of the statement provide sufficient indicia of reliability; and

(2) The child either:

(a) Testifies at the proceedings; or

(b) Is unavailable as a witness.

.    .    .    .    .

Jennifer was under the age of twelve. The offenses charged were offenses under chapter 566.

In contending that the trial court erred in finding there was sufficient indicia of reliability to permit the out-of-court statements Jennifer made to Ms. Swope to be admitted in evidence, defendant relies extensively upon the fact that the statements were made "at least two and one-half months after the alleged incident" and upon the fact that the physician who examined Jennifer, Dr. Ferguson, "cannot say one way or the other whether there was sexual abuse."

■ "Section 491.075.1(1) accords the trial court discretion to determine whether the time, content and circumstances of a child's statement provide sufficient indicia of reliability to justify its admission into evidence." *State v. Potter,* 747 S.W.2d 300, 305 (Mo.App.1988). Whether there is a sufficient indicia of reliability must be determined in the context of the facts of each case. *State v. Fraction,* 782 S.W.2d 764, 767 (Mo.App.1989).

■ The interviewer in this case, Ms. Swope, was experienced in questioning child victims of sexual abuse. She was asked how many times she had questioned child victims of sexual abuse. She answered, "Many times, more than I can count." When asked if it was more than fifty, Ms. Swope answered, "Yes." She had questioned children "as young as two and as old as sixteen." She had received special training. She had attended conferences and seminars related to investigating and recognizing child victims of sexual abuse.

She took special precautions during interviews with children who were likely to have been victims of child abuse. The purpose of the special precautions was to protect the validity of the interview.

Ms. Swope explained the precautions she took in interviewing children:

Well, with children you have to be careful not to lead them when you question them. You have to explain to them what's happening. You have to ask questions so that they can understand it, you know, based on their age. You have to have some idea of developmentally where they're at so they can participate at their level in the interview process.

Her interview with Jennifer was conducted at a neutral site at the Greene County Juvenile Office. The interview was done in two parts. Initially, those present, in addition to Jennifer and Ms. Swope, were "a deputy with the Greene County sheriff's office and a Family Services investigative works [sic]." After some preliminary inquiry, only Jennifer and Ms. Swope were present. Jennifer's mother was not present during the interview nor was her mother at a location where she could provide Jennifer with answers to the questions that were asked. No other member of Jennifer's family was present. The events recited by Jennifer in her interview were consistent with Jennifer's testimony at trial and consistent with statements she had made to others with the exception that Jennifer was provided with anatomically correct dolls that she used in showing Ms. Swope what happened.

Jennifer's recitation of events to Ms. Swope were detailed. She told Ms. Swope what clothing she had been wearing when an incident occurred in the living room. She used the dolls to demonstrate where she was and where defendant was. The observations Jennifer related to Ms. Swope regarding defendant's sexual conduct were graphic and consistent with the acts she stated he committed.

Defendant's contention that Jennifer's statement "was made at least two and one-half months after the alleged incident during which time the child could have easily

forgotten the events or have been influenced by others" is not convincing. Comparable delays have been held to have not precluded the showing of the required indicia of reliability. *State v. Boyer*, 803 S.W.2d 132 (Mo.App.1991), involved a three-year old victim. There was a showing of sufficient indicia of reliability when there was an eight-week delay between the incidents of sexual abuse and the time when the victim made statements to her mother and to a social worker. The trial court's finding that there were sufficient indicia of reliability to permit the child's mother and the social worker to relate statements the child made to them was not an abuse of discretion. *Id.* at 138.

In *State v. O'Dell*, 787 S.W.2d 838 (Mo. App.1990), an eleven-year old child victim in a sexual molestation case did not tell his mother of an incident that occurred in December 1986 until February 11, 1987. The trial court did not abuse its discretion in finding that there were sufficient indicia of reliability to permit the mother to relate the child's statements at trial. *Id.* at 841.

Defendant's assertion that the testimony of Dr. Ferguson, in which he stated that he could not determine, by a medical examination of the victim, that the child was molested, destroyed any indicia of reliability is likewise unconvincing. Dr. Ferguson stated that he could not rule out that the victim was molested. Dr. Ferguson's testimony was characterized by defendant's trial counsel's question and Dr. Ferguson's answer:

Q. Basically what you're saying, Doctor, is just a big zero. You don't know if it happened or if it didn't happen, isn't that right?

A. That's correct.

The trial court had a sufficient basis for finding that the time, content and circumstances of Jennifer's statement to Marie Swope provided sufficient indicia of reliability to permit the out-of-court statement to be related to the jury and considered as substantive evidence. There was no abuse of discretion in so finding.

■ Defendant's contention that the admission into evidence of statements Jennifer made to Ms. Swope violated his constitutional rights, under the Missouri Constitution, of confrontation of his accuser is also without support. Jennifer testified at trial. Defendant had the opportunity to cross-examine Jennifer and, in fact, did cross-examine her. As was pointed out in considerable detail in *State v. Boyer, supra,* at 135–36, since the child testified at trial and was cross-examined by defendant, "the admission of the out-of-court statements into evidence was not a violation of defendant's Sixth Amendment right of confrontation." 803 S.W.2d at 136. And, as stated in *State v. Schaal*, 806 S.W.2d 659, 662 (Mo. banc 1991), "[t]he confrontation rights protected by the Missouri Constitution are the same as those protected by the Sixth Amendment of the United States Constitution." Defendant's second point is denied.

■ For his final point on appeal, defendant contends that the trial court erred in permitting juvenile officer Marie Swope to testify as to Jennifer's out-of-court statements because Jennifer had testified at trial and Ms. Swope's testimony, therefore, "constituted improper bolstering of the testimony given by the child." This point was not presented to the trial court in defendant's motion for new trial nor was objection made on this basis to Ms. Swope's testimony during trial. Defendant failed to preserve this point for appellate review. Rule 29.11(d). Defendant claims, however, that the giving of that testimony by Ms. Swope was plain error and seeks review on that basis. Rule 29.12(b).

The issue of whether the admission of testimony which tends to bolster the testimony of a child victim of sexual abuse constitutes plain error has been decided in a number of Missouri cases. *See, e.g., State v. Wright*, 751 S.W.2d 48 (Mo. banc 1988); *State v. Harper*, 778 S.W.2d 836 (Mo.App.S.D.1989). "Absent a proper objection, the admission of evidence which may have the effect of 'bolstering' the testimony of a child victim is not plain error." *Harper*, at 839; *see also Wright*, 751 S.W.2d at 53.

*State v. O'Dell, supra,* at 841. That point is denied.

The judgment is affirmed.

FLANIGAN, C.J., and SHRUM, J., concur.