STATE of Missouri, Plaintiff–
Respondent,

v.

Carl Douglas MACKEY, Defendant–
Appellant.

No. 57831.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 17, 1991.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 14, 1992.

Application to Transfer Denied
Feb. 25, 1992.

John A. Klosterman, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

Defendant, Carl Douglas Mackey, appeals from a judgment finding him guilty of sodomy § 566.060 RSMo (1986) pursuant to a jury trial. He was sentenced to ten years imprisonment. We affirm.

Defendant does not challenge the sufficiency of the State's evidence to sustain his conviction. Four of defendant's five assignments of error on appeal, however, focus on the out-of-court statements made by the victim impinging defendant's constitutional rights. Accordingly, consideration of the state's testimony is essential, and will be viewed in the light most favorable to the verdict. *State v. Schaal,* 806 S.W.2d 659, 661 (Mo. banc 1991); *State v. Brown,* 660 S.W.2d 694, 699 (Mo. banc 1983).

The state intended to use § 491.075 RSMo (1986)[1] in order to introduce the out-of-court statements made by the victim, A.M., age three years, to Annette Mayfield (her mother), Malisa Darland (a neighbor), Julie Patterson (a social worker with the Division of Family Services), and Tish La-Rock (a registered nurse specializing in child sexual abuse, at the Cardinal Glennon Children's Hospital). Therefor, prior to trial, the court conducted a hearing outside the jury's presence to ascertain the admissibility of the out-of-court statements made by A.M. regarding the sexual abuse. *State v. Potter,* 747 S.W.2d 300, 302 (Mo.App. 1988). The court's findings were:

THE COURT: At this time I am finding based on the statements of the State that they intend to produce the child as a witness here today and based on the testimony that has been offered here to-

1. Section 491.075 provides:

1. A statement made by a child under the age of twelve relating to an offense under chapter 565, 566 or 568, RSMo, performed with or on a child by another, not otherwise admissible by statute or court rule, is admissible in evidence in criminal proceedings in the courts of this state as substantive evidence to prove the truth of the matter asserted if:

(1) The court finds, in a hearing conducted outside the presence of the jury that the time, content and circumstances of the statement provide sufficient indicia of reliability; and
(2) The child either:
(a) Testifies at the proceedings; or
(b) Is unavailable as a witness.

.    .    .    .    .

day I am finding that the statements of the child to Annette Mayfield, Malisa Darland, Julie Patterson, and Tish LaRock were of *sufficient reliability based on the time, content, and circumstances of the making of the statement as to make them admissible under Section 491.075.* (Emphasis added).

The evidence produced at trial reveals that on November 9, 1988, A.M., the child victim, informed Ms. Mayfield that defendant had asked her to pull her pants down and when she refused defendant pulled them down himself. In A.M.'s words, defendant touched her with his hand "where I go to the bathroom" and "kissed her on the pee pee". A.M. pointed to her vaginal area when telling her mother what transpired.

A panic stricken Ms. Mayfield went to her neighbor Malisa Darland's trailer home. Ms. Darland took A.M. aside while Ms. Mayfield waited in another room. A.M. told Ms. Darland that defendant took her panties off, kissed her and tickled her pee pee with his finger, pointing to her groin area when describing the incident. A.M. also informed Ms. Darland that her mother was in the shower and that S.M., her brother was at school when the incident occurred.

Ms. Darland called the child abuse hotline. The following day police officer Tieman and Julie Patterson came to Ms. Mayfield's trailer. Ms. Patterson interviewed A.M. who informed her that defendant had touched, licked and kissed her in the pee pee area. Ms. Patterson made arrangements for A.M. to go to the sex abuse management clinic at Cardinal Glennon Hospital. In addition, Ms. Patterson suggested that A.M. receive counseling.

The day after Ms. Patterson's visit, Ms. Mayfield took A.M. to Cardinal Glennon Hospital Emergency Room where Dr. Albert Nakanishi examined A.M. This examination included a culture series for various sexually transmitted diseases, which all returned negative results. During the examination, A.M. informed Dr. Nakanishi that "Carl, kissed her down below."

After attending weekly sessions at the Bridgeway Counseling for approximately two months, A.M. was taken to the sex abuse clinic at Cardinal Glennon Hospital. Tish LaRock interviewed A.M. on January 4, 1989. A.M. informed Ms. LaRock that defendant had kissed and tickled her "pee pee"; that at the time, her mother was in the shower and her brother was at school. Ms. LaRock used anatomically correct dolls at the interview and stated that A.M. identified her own genital area as "pee pee." A.M. also informed Ms. LaRock that the incident occurred with her pants and panties down.

Defendant's first point on appeal asserts plain error by the trial court in submitting Instruction No. 5 (patterned after MAI–CR 3d 320.08.2) to the jury. The disputed portion of the Instruction reads as follows:

If you find and believe from the evidence beyond a reasonable doubt:

First that on or about November 4, 1988, in the County of St. Charles, State of Missouri, the defendant placed his *mouth or hand* on the genitals of A.M. Mayfield, and

. . . . .

■ Defendant contends that the above instruction permitted the individual jurors to find that he committed either of two distinct acts, resulting in the return of a non-unanimous verdict. Before examining the root of defendant's argument, this court notes that under the plain error rule, relief will be afforded solely when the alleged error so substantially affects the rights of the accused that a manifest injustice or miscarriage of injustice inexorably results if left uncorrected. *State v. Sidebottom,* 753 S.W.2d 915, 920 (Mo. banc 1988). In addition, instructional error will constitute plain error only if the trial court so misdirected or failed to instruct the jury on the law of the case as to result in manifest injustice. *State v. Ware,* 770 S.W.2d 249, 251 (Mo.App.1989).[2]

---

**2.** The argument portion of defendant's Point Relied On contains no reference to "miscarriage of justice" stemming from the submission of the

Instruction. Defendant has failed to enlighten this court as to why the giving of the Instruction was error. Accordingly, defendant has waived

The record demonstrates that at the close of the evidence, the state elected to proceed only on one count of sodomy. Based upon the state's election, defendant consented to the verdict director alleging under paragraph 1, *supra*, that defendant placed his *hand or mouth* on the genitals of A.M. The record also reveals that defense counsel voiced no objection to the italicized phrasing. There appears to be an unclear discussion on the record whether the parties would "white out" a portion of Instruction No. 5 or whether it needed to be retyped. Subsequently, the court asked defense counsel if he had any objection to Instruction No. 5 after it was retyped. Defense counsel replied in the negative.[3]

There was sufficient evidence presented at trial from which a jury could find that the defendant did commit the two distinct acts constituting deviate sexual intercourse. In addition, the sexual abuse took place simultaneously on a single day i.e. November 4, 1989, and within the time frame when the victim's mother was in the shower and S.M. was at school. The cumulative effect of this, together with the absence of any demonstrable prejudice to the defendant, leaves us with a firm belief that there has been no "miscarriage of justice".

Defendant cites to *State v. Oswald*, 306 S.W.2d 559 (Mo.1957) and vociferously states that the state may not convict a person of sodomy by enabling the jury to find either of two specific acts of sodomy. We are aware that "the disjunctive submission of an element of an offense in a single instruction can present an issue of unanimity." *State v. Brigham*, 709 S.W.2d 917, 922 (Mo.App.1986). (Citing to *State v. Oswald, supra* ). *See also, State v. Murry*, 580 S.W.2d 555 (Mo.App.1979), *State v. Hook*, 433 S.W.2d 41 (Mo.App.1968).

In *Oswald* the court reversed the conviction because the trial court charged the jury that the defendant could be convicted if he had inserted his genital organ into "the mouth and rectum" of the victim or "committed either of such aforesaid acts". *State v. Marks*, 721 S.W.2d 51, 54 (Mo.App. 1986); *Oswald, supra*, at 563.

To overcome the problem of the jury returning a non-unanimous verdict, disjunctive submissions of acts, especially those which constitute the gravamen of the offense, should be curtailed. In the case at bar, the disjunctive submission of the Instruction was improper, however, under the facts of this case manifest injustice did not result under the plain error rule. *State v. Sidebottom, supra*. Defendant's point is denied.

In his second point defendant asserts trial court error in permitting Tish LaRock to testify to hearsay statements of the victim because they did not possess the requisite indicia of reliability warranted by § 491.075. He further alleges violation of his constitutional right to confront the witness, because the statements were made to LaRock more than sixty days after the incident occurred and after the victim received counseling during the interval which caused distortion of the victim's memory through constant reinforcement.

The issues raised in defendant's second point were recently addressed by the Southern District in *State v. Phelps*, 816 S.W.2d 227 (Mo.App.1991). In *Phelps*, the court dismissed as unconvincing defendant's claim that the out-of-court statements made at least two and one-half months after the alleged incident, lacked any indicia of reliability. Further, examination of recent cases in Missouri suggest that the mere passage of time between the acts and the making of the out-of-court statements do not render the statements inadmissible. *State v. Whittle*, 813 S.W.2d 336, 340 (Mo.App.1991) (two year lapse be-

---

or abandoned the allegation on appeal. *State v. Boyer*, 803 S.W.2d 132, 137 (Mo.App.1991).

**3.** The state argues that the law is clear in Missouri "that statements of 'no objection' do not merely fail to properly preserve an issue for review, but effectively waive the issue." *State v. Bolden*, 799 S.W.2d 122, 123 (Mo.App.1990);

*State v. Meyers*, 770 S.W.2d 312, 315 (Mo.App. 1989); *State v. Starr*, 492 S.W.2d 795 (Mo. banc 1973). In addition, in *State v. Howard*, 615 S.W.2d 498, 500 (Mo.App.1981), the court found that by acquiescing to the giving of the instruction at trial, the defendant had either waived or invited any error.

tween the crime and the declarant's statements were held admissible and not result in an abuse of discretion); *State v. O'Dell,* 787 S.W.2d 838, 840 (Mo.App.1990) (statements made more than thirteen months after the incident occurred were introduced into evidence); *State v. Boyer,* 803 S.W.2d 132, 138 (Mo.App.1991) (statements made eight weeks after the crime were held admissible).

Notwithstanding the above, defendant contends that the facts of the case at bar are distinguishable from *State v. Wright,*[4] 751 S.W.2d 48 (Mo. banc 1988) and *State v. Bereuter,* 755 S.W.2d 351 (Mo.App.1988), and argues trial court error in permitting Tish LaRock to testify. Defendant stresses on numerous chances of contamination to have occurred prior to the victim being interviewed by Tish LaRock, weakening the reliability of A.M.'s statements through loss of memory and distortion from constant reinforcement.

We find defendant's allegations to be entirely without merit. The record indicates that A.M.'s communication to LaRock conforms with what A.M. had relayed to the other witnesses. A.M.'s testimony at trial was consistent with what she related to LaRock. The statements were made in an environment that was not threatening, there was no one present at the time A.M. made the statements to LaRock, A.M. used her own terminology, there is no indication of the statements being the result of any coercion or the product of leading questions and the trial testimony of A.M. was consistent with the out-of-court statements. *Wright, supra,* at 52. We find no abuse of discretion pursuant to § 491.075. Defendant's second point is denied.

■ In his third point defendant contends plain error by the trial court in allowing Julie Patterson and Tish LaRock to testify as to their personal beliefs that the alleged victim suffered sexual abuse. Defendant asserts that his right to trial by

jury was violated because these opinions improperly bolstered the victim's credibility, a determination reserved exclusively to the province of the jury.

At trial, Tish LaRock testified that she had seen at least five thousand sexually abused children at the SAM clinic. Subsequently, LaRock was asked if based on her experience and observation of the child victim, if the child victim did possess and exhibit characteristics consistent with a child that had been sexually abused. LaRock responded "Yes. I felt she did."

The following colloquy describes Julie Patterson's testimony:

Q: Okay. After you spoke with the child then what did you do?

A: I went back and spoke again with Mrs. Mayfield, and we set—

Q: Excuse me.

A: We set up arrangements for her to go to Cardinal Glennon.

Q: Why did you set up arrangements to go to Cardinal Glennon?

A: We always do that. It's just a form of—We always do that in cases of sexual abuse.

Q: Okay. So you believed that the child had been sexually abused?

A: Yes. I did.

No objection was made to either witnesses' testimony at trial, nor was the claim raised in defendant's motion for a new trial. Our review is therefor, limited to whether the introduction of the testimony constituted plain error. Rule 30.20.

Defendant's reliance on *State v. Clements,* 789 S.W.2d 101 (Mo.App.1990) is misplaced. In *Clements* the expert witness was asked whether he had an opinion as to *whether the defendant deliberated?* The expert's affirmative response to the question invaded the province of the jury, was incompetent and bore directly on the crucial element charged. Said the court: "Dr.

4. The court in *Wright,* after proclaiming the facial validity of § 491.075 under the United States and Missouri Constitutions, stated that "evidence of the time, content, and circumstances of the statements must demonstrate the basis for an assessment of reliability". *Wright,*

751 S.W.2d at 52. The *Wright* court was confronted with statements made within two hours of the crime, which diminished the chance of memory lapse and "contamination from interaction with persons interested in the event and exposure to their suggestions". *Id.*

Harte was not an expert, however, on the paramount issue of whether, at the time of the homicide, defendant in fact deliberated. The determination of that issue was within the capability of lay jurors." *Id.,* at 110.

The case at bar is distinguishable in that the testimony of both Julie Patterson and Tish LaRock did not point to the defendant being the perpetrator of the offense charged. Both witnesses examined the child victim and testified that they believed the victim exhibited characteristics of being sexually abused. Viewed in context, Patterson's testimony was offered to explain why arrangements were made to send the child to Cardinal Glennon. Defendant testified in his own behalf and denied the alleged incidents. In cases dealing with sexual offenses:

> ... the jury's decision has to be based on who it believes as between the participants. Anything that aids the jury in making that determination should be presented to them, unless its relevance is outweighed by improper prejudice to the defendant or other reasons that might prevent injustice from occurring. *State v. Ogle,* 668 S.W.2d 138, 141 (Mo.App. 1984).

We find no manifest injustice to the defendant and accordingly defendant's point is denied.

■ Defendant's fourth point urges trial court error, resulting in manifest injustice under Rule 30.20, in admitting the out-of-court statements made by the child victim to various state witnesses, because the statements, individually and cumulatively, improperly bolstered the credibility of A.M.'s testimony. The said statements, asserts defendant, violated his due process rights under the constitution.

A number of Missouri cases have examined the question of plain error resulting from the admission of testimony tending to bolster the testimony of a child victim in sexual abuse cases. *See,* e.g., *State v. Boyer, supra; State v. Wright, supra; State v. Harper,* 778 S.W.2d 836 (Mo.App. 1989). "Absent a proper objection, the admission of evidence which may have the effect of 'bolstering' the testimony of a

child is not plain error". *Boyer,* 803 S.W.2d at 139 (citation omitted). Defendant's point is denied.

■ Defendant's ultimate point on appeal challenges the constitutionality of § 491.075. Defendant contends that the trial court plainly erred by permitting Annette Mayfield, Tish LaRock, and Malisa Darland to testify, pursuant to § 491.075, to statements made by the child victim, because the said section violates defendant's confrontation rights "in that A.M.'s prior consistent statements were not subject to cross-examination at the time A.M. made them and were admissible as evidence only through her testimony because A.M. was available to testify."

Defendant acknowledges that the Missouri Supreme Court in *State v. Wright, supra,* rejected a similar challenge to the constitutionality of § 491.075 based on the right of an accused to confront the witnesses against him. We are constrained to follow the mandate of the Supreme Court and accordingly deny appellant's point.

Judgment affirmed.

STEPHAN and CRIST, JJ., concur.